Manuel **RODRIGUEZ–O'FERRAL,** his wife Edma Mirta Diaz, the legal conjugal partnership formed by them, Plaintiffs,

v.

**TREBOL MOTORS CORPORATION,** Trebol Motors Distributing Corporation, Volvo Cars of North America, Volvo Car Corporation (Sweden), Volvo Gothenburg Sweden, Conchita Navarro–De-Gonzalez, Ricardo Gonzalez–Navarro, defendants "A" through "J" and Insurance Companies "K" through "O", Defendants.

Civ. No. 91–1604CCC.

United States District Court,
D. Puerto Rico.

March 17, 1994.

Luis R. Rullá–Marín, for plaintiffs.

María del Carmen Taboas, Fiddler, González & Rodríguez, for defendants.

## ORDER

CEREZO, Chief Judge.

This action is before us on defendants' Motions Requesting Attorneys' Fees and that Costs Be Taxed filed September 27, 1993 (**docket entries 111 and 112**).[1] Defendants request fees as a sanction against plaintiffs' attorneys under Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs opposed the motion (**docket entry 113**), arguing that the litigation presented difficult issues of law and that the judicial decisions generated by the case "contributed to the development of the law and clarification of uncertain issues."

The facts of this case relevant to the issue of whether the attorneys for the plaintiffs should be sanctioned in this manner is as follows. In 1987 plaintiffs purchased from Trebol Motors Corporation what they believed to be a Volvo automobile, model 240GLE. Years later they found documentation in the car from which they concluded that the car was not the factory manufactured luxury model. It was their belief that the automobile was actually the less expensive model 240DL to which extra equipment had been added by the local dealer whose alleged intention was to fraudulently sell it as the more expensive model. The plaintiffs contend that the manufacturer in Sweden no longer made the model they owned at the time it was supposedly manufactured. Calculating the cost of the extra equipment and the price of the 240DL, plaintiffs believed

that they had paid $5,000 more for the ersatz 240GLE than the cost of buying the lower priced model and paying the price of the optional equipment which had been added by the dealer.

Perhaps because Trebol Motors continued to advertise that it was selling the 240GLE, it was decided that other consumers had similarly purchased the automobile under the same circumstances[2]. In 1991 plaintiffs filed a complaint in federal court under the Racketeer Influenced and Corrupt Organizations Act (RICO), alleging wire, mail and bank fraud by defendants in an ongoing scheme whereby misleading advertisements were placed by sending them to periodicals for publication as well as directly to potential clients. The advertisements allegedly induced customers to buy the 240DL with add-ons at the inflated price of the non-existent 240GLE. All evidence of the allegedly offending advertisements submitted were mailed and/or printed years after named plaintiffs purchased their vehicle. Thus, they were not injured by any of the alleged predicate acts which they sought to make the basis of their RICO claim.[3]

As is obvious, the Rodriguez–O'Ferrals' federal claim depended upon class certification, inasmuch as they alone could not allege all the elements of a RICO claim.[4] Furthermore, the most glaring flaw, as pointed out by the Circuit Court in its opinion, *Rodríguez O'Ferral*, was their failure to allege even one affirmative misrepresentation or actionable nondisclosure which would satisfy the specificity requirement of Fed.R.Civ.P. 9(b).[5]

1. Earlier motions filed prior to the circuit court's ruling are taken into consideration in ruling upon the current motion.

2. We do not speculate as to whether named plaintiffs or the attorneys decided to seek the class action and file a RICO claim, or whether plaintiffs merely sought to recover the money they believed to have been overpaid.

3. Plaintiffs concede that they went to the car dealership intending to purchase the 240DL but were persuaded to buy the more expensive model after talking with the salesman.

4. Although their independent lack of standing to bring the Rico claim is apparent on the face of the complaint and in their response to this

courts's Rico order, plaintiffs never sought to submit mailings from the period in which they purchased their vehicle, or, for that matter ever allege that they had been induced to purchase their Volvo as a result of similar mailings. Prior to the dismissal of their suit, neither did they attempt to amend the suit to include any individuals whose car purchases would have met the requirements.

5. Rule 9(b) of the Federal Rules of Civil Procedure reads: "Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Following the filing of a complaint quoting chapter and verse from the applicable laws and entirely lacking in substantive allegations, plaintiffs sought to use the discovery mechanisms to rorschach defendants; that is, to require them to provide evidence of all activities which they themselves considered as misdeeds.

A RICO case order was issued that would require plaintiffs to provide much more specific detail regarding the allegations of fraud, identify which defendants acted in what manner, and give concrete examples of the specific acts and elements that make up a RICO claim. Once again plaintiffs filed a ream of paper filled with vague generalities, paraphrases of the law, and argument inferring that the defendants, through discovery, would identify their own wrongdoing.

As succinctly stated in *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991):

> ... Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device. The very pendency of a RICO suit can be stigmatizing and its consummation can be costly; a prevailing plaintiff, for example, stands to receive treble damages and attorneys' fees.... Hence, to avert dismissal under Rule 12(b)(6), a civil RICO complaint must at a bare minimum, state facts sufficient to portray (i) specific instances of racketeering activity within the reach of the RICO statute and (ii) a causal nexus between that activity and the harm alleged.

Moreover, the Court of Appeals for the First Circuit has held, prior to the institution of this suit, that particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants. *See e.g. Figueroa v. Alegria*, 896 F.2d 645, 650 (1st Cir.1990).

In sum, the facts of this action, as it relates to the plaintiffs, reads as if it is charging a violation of a consumer protection law, not racketeering. *See generally Arzuaga–Collazo v. Oriental Federal Savings Bank*, 913 F.2d 5 (1st Cir.1990). Although we do not know whether plaintiffs themselves envisioned higher reward from the federal court when they presented the facts of their case

to their attorneys or whether the attorneys themselves decided to make a federal case of it, given the lack of minimum specificity necessary for a RICO claim to survive a motion to dismiss, we find the attorneys utterly failed in their responsibility to investigate and evaluate the facts prior to filing the complaint and in their equally vague response to the court's RICO order. Accordingly, plaintiffs' attorneys José F. Quetglas Jordán and Luis G. Rullán Marín will jointly pay to defendants within 30 days after notice the sum of $8,000.00 in attorneys fees as a sanction under Rule 11.

SO ORDERED.