Luis BONILLA, et al., Plaintiff,

v.

TREBOL MOTORS CORPORATION,
et al., Defendant.

Civil No. 92–1795(JP).

United States District Court,
D. Puerto Rico.

Dec. 19, 1995.

José F. Quetglas–Alvarez, Jorge Carazo–Quetlas, Eric M. Quetglas Jordán, Jorge F. Quetglas, San Juan, P.R., for Plaintiff.

María del C. Taboas, Fiddler, González & Rodríguez, Rafael Pérez Bachs, McConnell Valdés, San Juan, P.R., for Defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it plaintiffs' motion to dismiss the counterclaim of codefendant Trebol Motors Corporation, Trebol Motors Distributing Corporation, and Showroom Auto Services Inc. ("Trebol codefendants"), and Conchita Navarro de González and Ri-

cardo González Navarro ("González codefendants"), Trebol and González codefendants' motions in opposition to motion to dismiss (docket Nos. 190, 201, 204 and 212). For the reasons set forth below, plaintiffs' motion is hereby **GRANTED**.

## I. BACKGROUND

This is a class action for money damages for codefendants' alleged violations of the Organized Crime Control Act known as Racketeer Influenced and Corrupt Organizations ("RICO"). *See* 18 U.S.C. §§ 1961–1968. Plaintiffs allege that codefendants engaged in a scheme to defraud Puerto Rican consumers of Volvo automobiles models 240 GLE during the years 1983 to the present. The alleged scheme consisted of codefendant Trebol Motors importing the Volvo model 240 DL, in some instances making port additions, changing the emblems of the cars and selling the cars as Volvo models 240 GLE. From this, plaintiffs assert that codefendants engaged in mail and wire fraud in order to complete this fraudulent scheme, and financial institutions fraud by misrepresenting the value of the model of car being sold, in a pattern of racketeering activities in violation of RICO.

Codefendants have filed a counterclaim asserting that plaintiffs have engaged in malicious prosecution of codefendants. Understanding codefendants' allegations requires a brief explanation of the procedural background of this litigation. In May 1991, Manuel Rodríguez O'Ferral, Edna Mirta Díaz and their conjugal partnership ("*O'Ferral* plaintiffs") filed a civil RICO complaint against Trebol Motors Corporation, Trebol Motors Distributing Corporation, Showroom Auto Services Inc., Conchita Navarro de González and Ricardo González Navarro, the same defendants against whom the present action is brought, Civil Case *Rodríguez O'Ferral v. Trebol Motors Corp.*, 154 F.R.D. 33 (D. Puerto Rico 1994) ("*O'Ferral* "). The complaint in *O'Ferral* alleged that codefendants engaged in the same scheme to defraud consumers through the doctoring of Volvo models 240 DL to look like the more luxurious Volvo models 240 GLE, in violation of RICO. Plaintiffs in *O'Ferral* based their allegations of predicate acts upon alleged violations of

mail and wire fraud, similar to plaintiffs in the case at bar. In September 1992, *O'Ferral* was dismissed for failure to allege predicate acts of fraud with sufficient particularity, Fed.R.Civ.P. 9(b), and that the complaint failed to state a valid RICO claim, Fed. R.Civ.P. 12(b)(6). Plaintiffs appealed and the First Circuit affirmed the dismissal in an unpublished opinion, *Rodríguez O'Ferral v. Trebol Motors Corp.*, 998 F.2d 1001 (1st Cir. 1993). Thereafter, the District Court further imposed monetary sanctions on plaintiffs' counsel in *O'Ferral* pursuant to Rule 11 of the Federal Rules of Civil Procedure, for filing of an insufficient RICO case statement. This decision was affirmed by the First Circuit in *Rodríguez O'Ferral v. Trebol Motors Corp.*, 45 F.3d 561 (1st Cir.1994).

In the counterclaim, codefendants rely upon the events in the *O'Ferral* litigation to assert that plaintiffs in the case at bar have engaged in malicious prosecution of codefendants. Codefendants' argument can be summarized as follows. First, codefendants contend that plaintiffs in the case at bar are so closely related to the *O'Ferral* plaintiffs, that both sets of plaintiffs should be considered the same entity. Next, codefendants argue that the Second Amended Complaint in the case at bar fails to comply with the factual specificity requirement of Fed. R.Civ.P. 9(b) and fails to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), just as the complaint in *O'Ferral*. Third, codefendants assert that plaintiffs in the case at bar knew or should have known that the complaint fails to comply with Rules 9(b) and 12(b)(6), presumably because of the dismissal of the *O'Ferral* Complaint, and that plaintiffs continued prosecution of the case at bar is without probable cause and malicious. Finally, codefendants contend that they have suffered severe damages due to the malicious prosecution of this case, including pain and suffering and damage to their business reputation (Counterclaim, docket No. 178).

Plaintiffs argue that codefendants counterclaim must be dismissed for the following reasons: 1) the counterclaim fails to state a claim since codefendants have failed to assert facts which, if true, would establish that another civil suit was filed by the same plaintiffs against the same defendants; 2) that codefendants' cause of action of malicious prosecution fails to state a cause of action; 3) the counterclaim is time barred; and 4) the counterclaim was waived.

## II. RULE 12(b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The court shall analyze the complaint to determine whether there are "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). In deciding a motion to dismiss, the court must accept as true the well-pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences therefrom in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2576, 49 L.Ed.2d 493 (1976); *Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 51 (1st Cir.1990). Under the liberality of pleadings, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Federal Bank*, 948 F.2d 41 (1st Cir.1991).

## III. STATUTE OF LIMITATIONS

Plaintiffs first contend that codefendants' counterclaim is barred by the statute of limitations. The resolution of this issue depends upon three distinct questions: what is the applicable statute of limitations, at what moment did the statute of limitations begin to run, and whether the statute of limitations was tolled.

The parties first dispute which statute of limitations governs actions for malicious prosecution. González codefendants assert that there is no provision in the Puerto Rico Civil Code which specifically mentions the tort of malicious prosecution.

Therefore, codefendants argue, the appropriate statute of limitations is the general fifteen year statute of limitations period of the Puerto Rico Civil Code that applies to causes of action "which are personal and for which no special term of proscription has been fixed", P.R.Laws Ann. tit. 31, § 5294. This statute of limitations applies only if no other term of proscription is applicable. *See Rivera Surillo & Co., Inc., v. Falconer Glass Industries, Inc.,* 37 F.3d 25, 27 (1st Cir.1994). However, there is another, more specific term of proscription which applies to the facts in the case at bar.

Article 1802 of the Puerto Rico Civil Code provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R.Laws Ann. tit. 31, § 5141. This section does not specify the variety of torts which exist in Puerto Rico civil law, such as medical malpractice, negligent protection of premises, defamation, and negligent infliction of emotional distress. Nonetheless, these causes of action exist, and lie in tort. Therefore, the tort of malicious prosecution comes within the penumbra of the general provision for negligence in civil law. *Berríos v. International General Electric,* 88 P.R.R. 106 (1963); *Torres v. Superintendent of the Police of Puerto Rico,* 893 F.2d 404, 407 n. 4 (1st Cir.1990); *Reyes–Cardona v. J.C. Penney Co., Inc.,* 694 F.2d 894, 896 (1st Cir.1982) (reviewing precedents in Puerto Rico, in the development of the malicious prosecution).

The statute of limitations for causes of action brought under tort is one year. P.R. Laws Ann. tit. 31, § 5298. *See also Torres v. Superintendent of the Police of Puerto Rico,* 893 F.2d 404, 407 n. 4 (1st Cir.1990) ("The statute of limitations for the plaintiffs' alternative claim under Section 1983 claim for malicious prosecution, ..., is not at issue in this case as the complaint was timely filed within one year after October, 1987 ... [the time when the statute of limitations began to run]"). Therefore, any cause of action for malicious prosecution filed after the expiration of the one-year period is time-barred.

■ A cause of action for malicious prosecution accrues when the complaint which was allegedly filed without probable cause and with malice is dismissed. *Guzmán–Rivera v. Rivera–Cruz,* 29 F.3d 3, 5 (1st Cir.1994) (statute of limitations of malicious prosecution claim based upon an unconstitutional conviction or sentence begins to run when the criminal conviction or sentence has been invalidated); *Shulman v. Miskell,* 626 F.2d 173, 175 (D.D.C.1980) (statute of limitations for an action of malicious prosecution based upon prior civil suit begins to run when the first suit terminated in favor of defendant in that action). The predicate action for the malicious prosecution counterclaim in the case at bar, *O'Ferral,* was dismissed for failure to comply with Fed.R.Civ.P. 9(b) and 12(b)(6) on September 14, 1992. Therefore, any cause of action for malicious prosecution based upon the facts in the *O'Ferral* litigation began to accrue on September 14, 1992.

■ As a final argument, both Trebol and González codefendants argue that even if the statute of limitations period is one year, and even if it began to run on September 14, 1992, the statute of limitations was tolled. Codefendants argue that plaintiffs' actions in litigating the case at bar constitutes a "continuous tort", *Inmobiliaria Borinquen, Inc. v. García Santiago,* 295 F.Supp. 203, 207 (1969). Consequently, codefendants argue, the statute of limitations would not begin to run until the completion of plaintiffs' last unlawful act against codefendants.

■ Codefendants' attempts to avoid the bar of the statute of limitations, by arguing that plaintiffs are committing a continuous tort, are to no avail. Codefendants contend that "[a]s long as the complaint is not dismissed, Trebol will continue to suffer the damages claimed." However, in order to establish a continuing tort violation, codefendants necessarily must prove that plaintiffs engaged in a series of tortious acts. It is irrelevant whether the harm allegedly caused by the tortious acts continues. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981). The only allegedly unlawful acts which could support a claim of malicious prosecution in the case at

bar are the filing and the prosecution of the predicate cause of action, the *O'Ferral* complaint. The last allegedly unlawful act involved in the *O'Ferral* case ended on September 14, 1992, when the complaint was dismissed.

For the foregoing reasons, the statute of limitations relating to codefendants' counterclaim asserting a cause of action in malicious prosecution began running on September 14, 1992, and ended on September 14, 1993. Codefendants filed the counterclaim on June 23, 1995, more than three years after their cause of action, if any, accrued. The statute of limitations is not tolled by the doctrine of "continuous tort". Therefore, codefendants' counterclaim against plaintiffs is barred by the statute of limitations.

▆▆▆ Another issue not directly raised by either of the parties is whether the statute of limitations governing the counterclaim would be tolled by the timely filing of plaintiffs' complaint. In general, the institution of plaintiff's suit would toll the statute of limitations for a compulsory counterclaim, *UST Capital Corp., v. Charter Nat. Life Ins. Co.*, 684 F.Supp. 757 (D.Mass.1986), but not for a permissive counterclaim. 6 C. Wright, A. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1419 at 152–53 and 189 (1990). A counterclaim is compulsory if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," Fed.R.Civ.P. 13(a). In the case at bar, plaintiffs' claim arises out of the allegedly fraudulent scheme of defendants, involving the alteration of Volvo 240 DL models to look like Volvo 240 GLE models; and the sale of those vehicles to consumers as if they were Volvo 240 GLEs model for a substantially inflated price. On the other hand, codefendant's claim arises out of the filing and prosecution of the *O'Ferral* complaint. The implementation of the allegedly fraudulent scheme and the prosecution of a civil proceeding do not constitute the same transaction or occurrence. Therefore, codefendants' counterclaim is not compulsory, and the statute of limitations was not tolled by plaintiffs' filing of the complaint.

## IV. MALICIOUS PROSECUTION

Codefendants' counterclaim asserting that plaintiffs' actions constitute malicious prosecution misinterprets the essential nature of the tort. The tort of malicious prosecution originated in common law jurisdictions as a remedy for the abuse of criminal proceedings. *See* Wade, J., "On Frivolous Litigation: A Study of Tort Liability and Procedural Sanction," 14 Hofstra L.Rev. 433, 437–38 (1986). If an individual who had been unjustly accused and prosecuted could prove that the entire criminal proceeding had been meritless and based on a claim which lacked probable cause, then that individual could recover damages for the injuries caused by the abuse of the mechanisms of the criminal justice system. *See Boschette v. Bach*, Civil No. 93–1528 (JP) (discussion of the tort of malicious prosecution involving a criminal complaint).

▆▆▆ Thereafter, common law jurisdictions extended the applicability of this tort to civil proceedings. In the civil sphere, a defendant who had been unjustly sued and made to defend himself against frivolous litigation could seek damages for the injuries caused by the abuse of the mechanisms of the civil justice system. However, recovery under this tort is difficult. Courts recognize that an individual's right to be free from frivolous litigation competes with another individual's right to use the civil justice system for legitimate purposes. Therefore, it is important to maintain the balance between the competing values, in order to "redress damages caused by those who abuse their right to sue in a court of justice" without "discourag[ing] the use of the courts to settle grievances." *Reyes–Cardona*, 694 F.2d at 897.

▆▆▆ Article 1802 of the Civil Code of Puerto Rico provides the general principle regarding causes of action based in negligence, which includes the tort of malicious prosecution. P.R.Laws Ann. tit. 31, § 5141. Within this broad framework, courts have developed further restrictions which closely resemble the requirements imposed in common law. *Reyes–Cardona*, 694 F.2d at 897. In order to establish a cause of action under malicious prosecution, a party must prove the

following four elements: 1) that a civil action was instituted ... by the entity against whom the claim of malicious prosecution is made or at his request; 2) that the prosecution ended favorably to the entity which now asserts the malicious prosecution claim; 3) that the complaint was instituted maliciously and without probable cause; and 4) that the entity asserting malicious prosecution sustained damages thereby. *Fonseca v. Oyola,* 77 P.R.R. 496 (1954). *See Reyes–Cardona,* 694 F.2d at 895. Failure to prove any one of these elements prevents recovery. *Rivera–Marcano v. Normeat Royal Dane Quality A/S,* 998 F.2d 34, 36 (1st Cir.1993); *Vince v. Posadas de Puerto Rico S.A.,* 683 F.Supp. 312, 315–16 (D.P.R.1988).

 The cause of action of malicious prosecution is only available in a case involving extreme circumstances. *Jiménez v. Silén,* 92 J.T.S. 95, 9725 (1992). The Supreme Court of Puerto Rico has rarely found that the alleged conduct is egregious, and thus constitutes malicious activity. *Pereira v. Hernández,* 83 P.R.R. 156 (1961); *Suárez v. Suárez,* 47 D.P.R. 97 (1934); *López de Tord & Zayas v. Molina,* 38 P.R.R. 737 (1928); *Berríos v. International General Electric,* 88 P.R.R. 106 (1963).

### A. Institution of Civil Action by Party or at its Request

 In order to prove the first element of the tort, that a civil action was instituted by the party against whom the claim of malicious prosecution is made, codefendants rely upon the previous case, *Rodríguez O'Ferral v. Trebol Motors Corp.,* No. 91–1604(CC). Codefendants admit that the exact same individuals did not file the complaint in *O'Ferral* and the case at bar, however, they argue that *O'Ferral* plaintiffs are so closely related to plaintiffs in the case at bar that the two groups should be treated as the same. Codefendants point to the following actions to support this contention: codefendants requested the consolidation of *O'Ferral* and the case at bar, and *O'Ferral* plaintiffs' requested the certification of a class of consumers who purchased Volvo model GLEs during the relevant time period. Therefore, codefendants assert either that the plaintiffs in the case at bar are the same as the *O'Ferral* plaintiffs, or that *O'Ferral* was instituted at the request of plaintiffs in the case at bar.

This assertion, however, is mistaken. Although codefendants requested consolidation of the two cases, that request was denied on August 17, 1992. Although plaintiffs in the *O'Ferral* case requested the certification of a class, that request was denied on September 14, 1992.

Moreover, even if the class had been certified, plaintiffs in the case at bar were not obligated to participate in the *O'Ferral* class litigation. Rule 23(c)(2) of the Federal Rules of Civil Procedure provides that the members of a class certified under Rule 23(b)(3), a class where common questions of law or fact predominate, must notify all other individuals who might be members of the class of the existence of the class action complaint against defendants. The notice must further include a provision informing potential members that "(A) the court will exclude the member from the class if the member so requests by a certain date." This "opt out" provision allows each individual plaintiff in a class action to consider whether they wish to be represented by named plaintiffs in the class action. This mechanism recognizes and attempts to harmonize two separate and sometimes conflicting principles. On the one hand, cases filed as class actions "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Advisory Committee Notes on 1966 Amendment to Fed.R.Civ.P. 23, Subdivision (b)(3). However, individual plaintiffs may have a strong interest in pursuing their own, independent litigation. Therefore, by allowing individual plaintiffs the opportunity to affirmatively remove themselves from the class action, the Federal Rules ensure that an individual's interest in pursuing an independent cause of action is not abrogated by the existence of a certified class of plaintiffs maintaining a class action. *See* Advisory Committee Notes on 1966 Amendment to Fed.R.Civ.P. 23, Subdivision (c)(2).

If individual plaintiffs choose to opt out of the class, their rights and obligations will

remain unaffected by the outcome of the class action. If there is a verdict or a settlement favorable to the class, those "opted out" plaintiffs would not share. Nonetheless, they would be free to file their own complaint, receive their own personal representation, and litigate a separate complaint, independent from the class action. Consequently, plaintiffs in the case at bar would have had the opportunity to file the complaint in the case at bar regardless of the certification of the *O'Ferral* class. Thus, codefendants' argument that the two groups of plaintiffs are the same is based upon an inference upon events that never occurred and may never have occurred. This speculative connection is insufficient to treat the groups as if they were the same.

Therefore, codefendants have failed to meet the first element, "that a civil action was instituted ... by the entity against whom the claim of malicious prosecution is made or at his request" *Reyes–Cardona*, 694 F.2d at 895. The civil action, *O'Ferral*, was instituted by a separate entity from the entity against whom the claim of malicious prosecution has been brought.

### B. *Malicious and Without Probable Cause*

Codefendants have also failed to meet the third requirement, that the complaint was filed with malice and without probable cause. The counterclaim asserts that plaintiffs "knew or should have known that the present action does not comply with Fed.R.Civ.P. 9(b) and the requirements of a RICO civil action." (Counterclaim, docket No. 178, ¶ 21). Codefendants further allege in the counterclaim that plaintiffs have "filed the present action and another RICO Case Statement which again fail to comply with Fed.R.Civ.P. 9(b)." (Counterclaim, docket No. 178, ¶ 18).

These allegations are insufficient to sustain the counterclaim for two reasons: first, the allegations rely upon a misinterpretation of the requirements for a cause of action under malicious prosecution, and second, the allegations do not aver conduct which could possibly constitute malicious conduct.

▮▮ Each separate element of the tort of malicious prosecution relates to the question of whether the predicate cause of action which has already been dismissed was filed maliciously and without probable cause. Codefendants' counterclaim in the case at bar relies in part upon the facts from the *O'Ferral* litigation. However, to the extent that the counterclaim asserts that the complaint in the case at bar constitutes unjustifiable litigation, those allegations cannot proceed, since there·has been no final determination of the case at bar. A counterclaim asserting malicious prosecution is premature where the claim relies on the current lawsuit as the predicate for establishing the elements of the tort. *Mi–Jack Prod. v. International Union of Operating Eng'rs, Local 150*, 1995 WL 115516, *2 1995 U.S.Dist. LEXIS 3155, *4–5 (N.D.Ill.1995); *Aetna Casualty and Surety Company v. Kellogg*, 856 F.Supp. 25, 29 (D.N.H.1994); and *Hydranautics v. Filmtec Corp.*, 70 F.3d 533, 536–37 (9th Cir.1995), *Shulman*, 626 F.2d at 176, n. 10.

The complaint which must have been filed with malice is the *O'Ferral* complaint, which has already terminated in favor of codefendants. As previously discussed, codefendants cannot attribute the actions of the *O'Ferral* plaintiffs to the plaintiffs in the case at bar, since they are not the same group of individuals.

▮▮ Moreover, codefendants' assertions fail to allege that plaintiffs' actions involve *extreme circumstances*, as required in order to recover under this tort. *Jiménez v. Silén*, 92 J.T.S. 95, 9725 (1992). As already discussed, plaintiffs' actions in the case at bar cannot be the basis for codefendants' counterclaim. Nor can the actions of plaintiffs in the *O'Ferral* litigation be attributed to plaintiffs in the case at bar. However, even assuming that codefendants' allegations could be the sufficient basis for the counterclaim and that these allegations were true, the counterclaim merely states that plaintiffs "knew or should have known" that their complaint in the case at bar was meritless. Malice, however, requires more than the negligent filing of a complaint. *Commonwealth Loan Corp. v. García*, 96 P.R.R. 755 (1968). Codefendants in the case at bar have failed

to assert any specific facts regarding plaintiffs' conduct which support their contention that plaintiffs' conduct was malicious and without probable cause. *See ERG, Inc. v. Barnes,* 137 N.H. 186, 191, 624 A.2d 555, 558 (1993) (assertion of principle law and conclusion of fact is insufficient to constitute a proper pleading of specific facts to support a claim for malicious prosecution). Therefore, codefendants have failed to meet the third element of the tort of malicious prosecution.

## V. CONCLUSION

Codefendant's counterclaim is barred by the statute of limitations. Moreover, the counterclaim fails to state a claim for malicious prosecution because codefendants have not alleged that the predicate cause of action was filed by plaintiffs or at their request, nor that plaintiffs' conduct was malicious and without probable cause. Therefore, plaintiffs' motion to dismiss the counterclaim filed by Trebol and González codefendants alleging malicious prosecution is hereby **GRANTED**. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.