# United States Court of Appeals
## For the First Circuit

No. 15-1467

HERIBERTO MEDINA-PADILLA;
L & M CORP., d/b/a Emmanuel Travel and Tours,

Plaintiffs, Appellants,

v.

UNITED STATES AVIATION UNDERWRITERS, INC.;
UNITED STATES AIRCRAFT INSURANCE GROUP,

Defendants, Appellees,

PIEDMONT AVIATION SERVICES, INC.,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lynch, Selya, and Lipez,
Circuit Judges.

Diana Lynn Pagán-Rosado on brief for appellants.
Tomás A. Román-Santos and Román Santos, LLC on brief for
appellees.

March 4, 2016

**LYNCH**, **Circuit Judge**.    This is the second time the plaintiffs have brought the same claims before the federal courts. This time, they characterize the claims as sounding in tort rather than sounding in contract, as they had claimed earlier.    This they cannot do.

In 2005, Lopez & Medina Corp. ("L & M") brought suit against a number of insurers, claiming that the insurers were liable for L & M's breach of contract claims against a company, Patriot Air, LLC ("Patriot Air"), that had an insurance policy with those insurers.    In 2010, the district court dismissed the case on the basis that the insurance policy did not provide coverage for contract claims.  Lopez & Medina Corp. v. Marsh USA, Inc., 694 F. Supp. 2d 119, 121 (D.P.R. 2010).    This court affirmed. López & Medina Corp. v. Marsh USA, Inc., 667 F.3d 58, 69 (1st Cir. 2012).

L & M and its owner now bring tort-based claims arising out of the same set of underlying facts.    The district court dismissed the action on the ground of res judicata.  Medina-Padilla v. Piedmont Aviation Servs., Inc., No. 3:14-cv-01048, 2015 WL 1033918 (D.P.R. Mar. 10, 2015).    We affirm.

I.

The background facts and procedural history of this case are recounted in detail in our previous opinion.  López & Medina

<u>Corp.</u>, 667 F.3d at 60–63.  We briefly recount the facts underlying this appeal.

On June 3, 2005, L & M filed a diversity complaint in the District of Puerto Rico against a number of insurers[1] for Patriot Air.[2]  The complaint alleged that L & M had entered into a Passenger Aircraft Charter Agreement with Patriot Air and that Patriot Air had breached that agreement in June and July 2002.  But Patriot Air had filed for bankruptcy in September 2002, and L & M did not name Patriot Air as a defendant.  Rather, the complaint sought recovery from Patriot Air's insurers under Puerto Rico's direct action statute, P.R. Laws Ann. tit. 26, § 2003, which allows third parties to bring an action against an insurer for claims covered under an insurance policy.

On March 8, 2010, the district court dismissed L & M's complaint.  <u>Lopez & Medina Corp.</u>, 694 F. Supp. 2d at 121.  The district court held that the relevant insurance policy "clearly and unambiguously covers only tort claims."  <u>Id.</u> at 128.  L & M's

---

[1]     Among the defendant co-insurers in that prior action were United States Aviation Underwriters, Inc. ("USAUI") and United States Aircraft Insurance Group ("USAIG"), the appellees in this case.  <u>López & Medina Corp.</u>, 667 F.3d at 59 & n.1.

[2]     The named insured under the insurance policy was Piedmont Aviation Services, Inc. ("Piedmont").  <u>López & Medina Corp.</u>, 667 F.3d at 60 & n.4.  The insurance policy covered certain risks assumed by Piedmont in its contractual arrangements with other companies; one such contractual arrangement was Piedmont's lease of aircraft to Patriot Air.  <u>Id.</u>

claims did not fall under the scope of the insurance policy because of L & M's "admi[ssion] that the Complaint is premised only on a breach of contract claim not involving any liability . . . for torts." Id.

On March 18, 2010, L & M filed a motion to alter or amend judgment. L & M argued that the district court erred in understanding its complaint as advancing only a breach of contract action and claimed that it was also seeking "concomitant tort damages."

The district court denied the motion. Lopez & Medina Corp. v. Marsh USA, Inc., No. 3:05-cv-01595, 2010 WL 1508502 (D.P.R. Apr. 12, 2010). The district court noted that "the Complaint does not once allege a tort violation and is entirely based on the claim that the alleged breach of contract is a covered insurable risk under the co-defendants' insurance policies." Id. at *2.

On January 26, 2012, this court affirmed. López & Medina Corp., 667 F.3d at 69. We first determined that "[t]here can be no doubt that L & M's allegations here sound in contract." Id. at 66. We agreed with the district court that recovery by L & M depended on whether the relevant insurance policy language, "which usually covers only tort claims, also provides coverage for claims in an underlying action arising out of and related to a contract between the parties." Id. at 59. This was a question of first

impression in our circuit, id., which we answered by concluding that the insurance policy's "express terms . . . provide no coverage for L & M's contract-based claims." Id. at 69.

On January 21, 2014, Heriberto Medina-Padilla and L & M, undaunted, filed the complaint in this action. Medina-Padilla, who was not a plaintiff in the first lawsuit, was a travel agent and the sole owner and principal of L & M. The complaint sought recovery in tort for Patriot Air's "negligent refusal and withholding of transportation" arising from the same series of events that underlay the previous suit's breach of contract claims.

USAUI and USAIG moved to dismiss on the grounds of res judicata and statute of limitations. On March 10, 2015, the district court granted the motion to dismiss on the ground of res judicata. Medina-Padilla, 2015 WL 1033918, at *1.

This appeal followed.

## II.

An affirmative defense such as res judicata may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when the facts establishing the defense are clear on the face of the plaintiff's pleadings. See Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113 (1st Cir. 2009); Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). Where a motion to dismiss is premised on res judicata, we may take into account, in addition to the well-pleaded facts in the complaint, the record in the original

- 5 -

action.  Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).  Our review is de novo.  García Monagas v. de Arellano, 674 F.3d 45, 50 (1st Cir. 2012).

Under Semtek International Inc. v. Lockheed Martin Corp., "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity."  531 U.S. 497, 508 (2001).  The appropriate rule under federal common law is "the law that would be applied by state courts in the State in which the federal diversity court sits," id., unless that rule would be "incompatible with federal interests," id. at 509; see also Hatch v. Trail King Indus., Inc., 699 F.3d 38, 44 (1st Cir. 2012).  With no argument made that Puerto Rico law is incompatible with federal interests, we proceed in applying Puerto Rico law.[3]

Under Puerto Rico's statutory definition of res judicata, "it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such."  P.R. Laws Ann. tit. 31, § 3343.  This definition encompasses both claim preclusion and issue preclusion, "albeit with slightly different requirements for

---

[3]    For the purpose of res judicata, Puerto Rico, despite its commonwealth status, is "the functional equivalent of a state." Cruz v. Melecio, 204 F.3d 14, 18 n.2 (1st Cir. 2000); see also García Monagas, 674 F.3d at 50.

- 6 -

each." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 183 (1st Cir. 2006).

A party asserting claim preclusion under Puerto Rico law must establish three elements: "(i) there exists a prior judgment on the merits that is 'final and unappealable'; (ii) the prior and current actions share a perfect identity of both 'thing' and 'cause'; and (iii) the prior and current actions share a perfect identity of the parties and the capacities in which they acted." García Monagas, 674 F.3d at 51.

All three elements are met here. First, the prior district court decision, affirmed by this court, is a final judgment on the merits.

Second, there is a perfect identity of "thing" and "cause." Two actions share a perfect identity of "thing" if they involve the same "object or matter." García Monagas, 674 F.3d at 51 (quoting Lausell Marxuach v. Díaz de Yáñez, 3 P.R. Offic. Trans. 742, 745 (1975)). Two actions share a perfect identity of "cause" if "they flow from the same principal ground or origin," id. (citing Lausell Marxuach, 3 P.R. Offic. Trans. at 746), or they "derive from a common nucleus of operative facts," id. (quoting Silva v. City of New Bedford, 660 F.3d 76, 79 (1st Cir. 2011)). These requirements are met. The complaint in this case and the complaint in the prior action are based on the same factual predicates. "[A] mere difference in the legal theories on which

two causes of action are grounded does not destroy the identity of thing or cause that otherwise exists between two suits arising out of a common nucleus of operative fact." R.G. Fin. Corp., 446 F.3d at 184.

Third, there is perfect identity of the parties. Under Puerto Rico law, two actions share a perfect identity of the parties "if either (1) the parties in the current action were also parties in the prior action or (2) the parties in the current action are in 'privity' with the parties in the prior action." García Monagas, 674 F.3d at 51 (citing P.R. Laws Ann. tit. 31, § 3343). The prior suit was brought by L & M; this suit is brought by L & M and Medina-Padilla, the sole owner and principal of L & M who was not a named party in the prior suit. But L & M does not contest that it and Medina-Padilla are in privity under "the general rule that where one party acts for or stands in the place of another in relation to a particular subject matter, those parties are in privity for purposes of the Puerto Rico preclusion statute." R.G. Fin. Corp., 446 F.3d at 187.

Rather than contesting that any of those three prongs are met, L & M argues that its suit should be permitted to proceed based on two supposed exceptions to res judicata.

First, L & M argues that the defendants took inconsistent positions during the prior litigation that prevented the prior action from being fully and fairly litigated. But the district

court in the prior action, correctly, as we held, rejected L & M's contract claim on the merits and rejected on the merits its argument that a tort cause of action had also been pleaded. Lopez & Medina Corp., 694 F. Supp. 2d at 128. Nothing about the defendants' alleged "inconsistent procedural conduct" calls the fairness of those decisions into doubt.[4]

Second, L & M argues that our 2012 decision changed the applicable law so as to make available a tort cause of action that had not been available when it initiated the prior lawsuit. That is a misstatement of our decision. After all, our opinion recognized that the insurance policy "usually covers only tort claims" and went on to decide, as a matter of first impression, whether the insurance policy also covered contract claims against the insured. López & Medina Corp., 667 F.3d at 59. In other words, our 2012 decision took as a given that tort actions were covered by the insurance policy. Nothing prevented L & M from pleading a tort cause of action in its 2005 complaint. Indeed, L & M attempted to add a claim for recovery in tort to its complaint in the previous action, but did so only belatedly, in its 2010 motion to alter or amend judgment. That action by L & M cuts

---

[4]    L & M also labels this as a judicial estoppel argument. However, we do not address judicial estoppel because L & M makes no effort to develop the argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

against its argument that a tort cause of action was not available until 2012.

Pouring old wine into a new bottle does not make the wine into new wine. The district court correctly invoked res judicata in dismissing the action.[5]

We _affirm_.

---

[5] Having concluded as such, we need not address the parties' arguments about whether this action is barred by the statute of limitations.