# United States Court of Appeals
## For the First Circuit

No. 21-1533

MIGUEL ANGEL RIVERA-ROSARIO,

Plaintiff, Appellant,

v.

LSREF2 ISLAND HOLDINGS, LTD., INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Gelpí, Howard, and Thompson,
Circuit Judges.

Raul Barrera Morales for appellant.
Nayuan Zouairabani-Trinidad, with whom Leany Prieto Rodriguez
and McConnell Valdés LLC were on brief, for appellee HibiscusPR 73
LLC.
Áurea Y. Rivera Alvarado, with whom Julio Nigaglioni-Arrache
and Rivera-Munich & Hernández Law Offices, P.S.C., were on brief,
for appellee LSREF2 Island Holdings, Ltd., Inc.

August 17, 2023

**HOWARD, Circuit Judge**.  Res judicata -- also known as claim preclusion -- is a longstanding legal doctrine that "a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action."  Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009).  The issue in this appeal involves the application of that doctrine -- specifically, whether a prior dismissal with prejudice of a complaint filed by Miguel Ángel Rivera-Rosario ("Rivera") in 2017 precludes him from bringing his claim anew in the instant litigation.  For the following reasons, we agree with the district court in holding that his renewed claim is precluded.

## I.  Factual and Procedural History

This case arose from a dispute related to a foreclosure action that began in 2010.  Rivera failed to make timely mortgage payments on a property in Torrecilla Alta in Loiza, Puerto Rico.  Consequently, First Bank, which held Rivera's mortgage, initiated a foreclosure action in the Commonwealth Court of First Instance in July 2010.  In early 2012, while the foreclosure case was still pending, Rivera sold a portion of the property called "Blue Iguana" to a man named Nahum Gómez-Hidalgo ("Gómez"), with First Bank's consent.

LSREF2 Island Holdings, Ltd. Inc., ("Island Holdings") later acquired Rivera's mortgage from First Bank.  It then refused to release the Blue Iguana parcel from the foreclosure litigation

and opposed Gómez's motion to intervene in the foreclosure proceedings. In February 2016, Island Holdings attempted to auction the Blue Iguana parcel along with the rest of the property, thereby "plac[ing] a property belonging to somebody else for sale." Rivera-Rosario v. LSREF2 Island Holdings, Ltd. Inc., No. 20-1639, 2021 WL 2547062, at *1 (D.P.R. June 21, 2021). This attempt was unsuccessful. The Commonwealth Court of First Instance held the auction in abeyance, allowed Gómez to intervene, ordered segregation of the Blue Iguana parcel, and required Island Holdings to pay $5,000 in attorneys' fees for "incurring in stubbornness." Id.

Island Holdings appealed that decision to the Commonwealth Court of Appeals. In February 2018, the Court of Appeals reversed the Court of First Instance's opinion and imposition of attorneys' fees, finding that it had erred "in permitting Gómez to intervene" and "in determining that Island Holdings became bound to liberate the Blue Iguana." Id. at *2 (cleaned up and internal quotations omitted). Rivera then filed a petition for certiorari before the Puerto Rico Supreme Court.

Meanwhile, in June 2017, Rivera had filed a civil action in the Commonwealth Court of First Instance against Island Holdings seeking tort-based damages under Article 1802 of the Puerto Rico Civil Code for Island Holdings' actions in the foreclosure litigation. Island Holdings removed the action to federal district

- 3 -

court.  In March 2018 -- after the Puerto Rico Court of Appeals reversed Rivera's win in the foreclosure litigation -- the district court dismissed Rivera's complaint with prejudice.  See Rivera Rosario v. LSREF2 Island Holdings, Ltd. Inc., No. 17-1918, 2018 WL 1725222, at *5 (D.P.R. Mar. 30, 2018).  The court construed Rivera's complaint as potentially resting on two theories of tort: abuse of process and malicious prosecution.  Id. at *3-4.  It held that the abuse of process claim was time-barred and that the malicious prosecution claim was premature because the foreclosure litigation was still pending.  Id. at *3-5.

That district court decision and Rivera's response to it set the stage for our decision.  The district court dismissed the entire complaint with prejudice, without distinguishing between the abuse of process and malicious prosecution claims.  Id. at *5. Rivera then moved for reconsideration of the dismissal of the abuse of process claim but did not move for the district court to amend the judgment regarding the malicious prosecution claim.  His only reference to the malicious prosecution claim in his motion for reconsideration was in a footnote, stating: "It should be noticed that in its opposition to Defendant's motion to dismiss the amended complaint, plaintiff indicated that in relation to a malicious prosecution cause of action, 'said doctrine at the present moment does not apply to the present case.'"  Rivera-Rosario, 2021 WL 2547062, at *2.

The district court denied the motion for reconsideration of the abuse of process claim and did not mention the malicious prosecution claim. Rivera did not appeal from that decision.

Meanwhile, the foreclosure litigation continued in the Commonwealth court system. In May 2018, the Puerto Rico Supreme Court granted Rivera's motion for a writ of certiorari, and it issued a decision about two years later. The court revoked the Commonwealth Court of Appeals decision, held that Gómez could intervene, affirmed the imposition of attorneys' fees, and returned the case to the Commonwealth Court of First Instance for additional proceedings. In November 2020, the Court of First Instance reinstated the imposition of attorneys' fees and issued an order of attachment against HibiscusPR 73 LLC ("Hibiscus"), which had by that point acquired Island Holdings' interest in Rivera's mortgage.

Also in November 2020, with the foreclosure litigation seemingly wrapping up, Rivera attempted for a second time to bring a tort-based action against Island Holdings (now adding Hibiscus as the new holder of the mortgage). The new litigation, which commenced in federal district court on November 11, 2020, repeated many of the allegations from the dismissed 2017 action. Hibiscus and Island Holdings moved to dismiss the complaint based on the res judicata doctrine, due to the prior dismissal with prejudice of the 2017 action.

- 5 -

The district court granted the motion to dismiss, agreeing with Hibiscus and Island Holdings that the dismissal in the 2017 case precluded Rivera's 2020 claim. Rivera-Rosario, 2021 WL 2547062, at *5. The court reasoned that because the prior dismissal had been with prejudice, it constituted a final judgment on the merits and therefore had preclusive effect under federal law. Id. at *4-5.

Rivera challenges that decision in this appeal. Before us, he argues that the dismissal of the 2017 complaint does not bar his assertion of the malicious prosecution claim now and that his complaint therefore should not have been dismissed.

## II. Analysis

"[W]e review the grant of a motion to dismiss de novo, accepting well-pled facts as true and drawing all inferences in favor of the non-moving party." Triangle Cayman Asset Co. v. LG and AC, Corp., 52 F.4th 24, 32 (1st Cir. 2022) (internal citations omitted) (citing Lyman v. Baker, 954 F.3d 351, 359 (1st Cir. 2020) and Irizarry v. United States, 427 F.3d 76, 77 (1st Cir. 2005)). When reviewing a motion to dismiss based on res judicata, we may consider the record in the original action in addition to the well-pleaded facts in the subsequent complaint. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

The resolution of this case turns on whether the federal district court's prior dismissal with prejudice of Rivera's

complaint in the 2017 litigation precludes him from bringing a malicious prosecution claim in the instant litigation. For the following reasons, we hold that it does.

As an initial matter, we must address whether federal claim preclusion law or Puerto Rico claim preclusion law applies. The district court here applied federal law, citing to a 1991 case from our circuit seemingly dictating that choice of law. Rivera-Rosario, 2021 WL 2547062, at *3 (citing Johnson v. SCA Disposal Servs. of New England, Inc., 931 F.2d 970, 974 (1st Cir. 1991) ("[W]e now adopt the rule that, in diversity cases, federal law governs the preclusive effect of prior federal judgments.")). However, following the Supreme Court's 2001 decision in Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), "[w]e apply 'the law that would be applied by state courts in the State in which the federal diversity court sits'" to successive diversity actions, unless "the state law is incompatible with federal interests." Hatch v. Trail King Industries, Inc., 699 F.3d 38, 44 (1st Cir. 2012) (quoting Semtek Int'l, Inc., 531 U.S. at 508-09). Puerto Rico is "the functional equivalent of a state" for purposes of this claim preclusion analysis. Medina-Padilla v. U.S. Aviation Underwriters, Inc., 815 F.3d 83, 86 n.3 (1st Cir. 2016) (quoting Cruz v. Melecio, 204 F.3d 14, 18 n.2 (1st Cir. 2000)). Here, as in Medina-Padilla, "[w]ith no argument made that Puerto Rico law

is incompatible with federal interests, we proceed in applying Puerto Rico law." Id. at 86.

Under Puerto Rico law as it existed when Rivera commenced the 2020 litigation,[1] a party asserting claim preclusion "must establish three elements: '(i) there exists a prior judgment on the merits that is "final and unappealable"; (ii) the prior and current actions share a perfect identity of both "thing" and "cause"; and (iii) the prior and current actions share a perfect identity of the parties and the capacities in which they acted.'" Medina-Padilla, 815 F.3d at 86 (quoting García-Monagas v. De Arrellano, 674 F.3d 45, 51 (1st Cir. 2012)); see also P.R. Laws Ann. tit. 31, § 3343 (repealed 2020); Lausell Marxuach v. Diaz de Yanez, 3 P.R. Offic. Trans. 742, 745 (1975).

Rivera's argument centers on the first and second prongs of this test.[2] Specifically, he argues that the 2017 complaint

---

[1] The former statute setting out the law of res judicata in Puerto Rico (P.R. Laws Ann. tit. 31, § 3343) was repealed in 2020 by the new Civil Code, which went into effect November 28, 2020. See 2020 P.R. Laws Act 55 (June 1, 2020) (going into effect 180 days after its approval). However, § 3343 was still in effect at the time Rivera initiated the instant litigation on November 11, 2020, so we apply the law as it existed in Puerto Rico at that time, in line with the practice of Puerto Rico courts. See, e.g., Cancio v. Park Blvd. Inn, Corp., KLAN202200038, 2022 WL 3355252, at *10 n.29 (TA PR July 18, 2022); Santander Fin. Services, Inc. v. Rayfran, Inc., KLAN202200158, 2022 WL 2187872, at *7 n.11 (TA PR May 6, 2022). Additionally, Rivera has advanced no argument that his claim would be treated differently following the repeal of § 3343.

[2] Regarding the third prong, two actions share a perfect identity of the parties under Puerto Rico law "if either (1) the

- 8 -

never advanced a malicious prosecution claim and that, therefore, the district court's dismissal with prejudice did not constitute a judgment on the merits of that claim. Additionally, he argues that the district court in the 2017 case lacked jurisdiction to enter a judgment on the merits of the malicious prosecution claim once it determined the claim was premature. For the following reasons, we find these arguments unavailing.

A dismissal with prejudice constitutes a judgment on the merits under Puerto Rico law. See P.R. Laws Ann. tit. 32A, App. V, R. 39.2(c) (Unless otherwise specified, "any dismissal other than a dismissal for lack of jurisdiction or for failure to join an indispensable party[] operates as an adjudication upon the merits."); Medina v. Chase Manhattan Bank, N.A., 737 F.2d 140, 143 (1st Cir. 1984) ("Rule 39.2(c) provides that an involuntary dismissal operates as an adjudication on the merits unless the court provides otherwise."); Ramos González v. Félix-Medina, 21 P.R. Offic. Trans. 304 (P.R. 1988) (noting a dismissal with prejudice operates as res judicata under Rule 39.2(c)). The dismissal with prejudice of Rivera's 2017 complaint therefore is a judgment on the merits.

---

parties in the current action were also parties in the prior action or (2) the parties in the current action are in 'privity' with the parties in the prior action." García Monagas, 674 F.3d at 51 (citing P.R. Laws Ann. tit. 31, § 3343). Rivera does not argue that the third prong is not satisfied here with the addition of Hibiscus as a party.

Rivera first attempts to avoid the preclusive effect of that judgment by asking us to construe the district court's dismissal as being limited to the abuse of process claim and not including the malicious prosecution claim he advances now. But the district court's opinion forecloses that outcome. Although Rivera's 2017 complaint did not explicitly use the phrase "malicious prosecution," the district court's opinion in that case made clear that it construed the complaint as "allud[ing] to" two possible theories of tort: malicious prosecution and abuse of process. Rivera Rosario, 2018 WL 1725222, at *3. The district court noted that the complaint itself alleged "a general theory of continuing tort based on Puerto Rico's broad negligence statute." Id. It then found that abuse of process and malicious prosecution were the only theories under Puerto Rico law whereby this general theory of negligence could proceed, and it analyzed each in turn. Id. at *3-5. Regarding the malicious prosecution claim, the court noted that the cause of action does not accrue until the allegedly malicious proceeding concludes. Id. at *3 (citing Bonilla v. Trebol Motors Corp., 913 F. Supp. 655, 659 (D.P.R. 1995)). Because the foreclosure case remained pending, the court concluded that, "to the extent Rivera seeks recovery on a theory of malicious prosecution, which is not abundantly clear, Rivera's claim is premature." Id. It then assessed the other possible theory of recovery -- abuse of process -- and concluded that such a claim

was time-barred.  Id. at *4-5.  As a result, the district court dismissed Rivera's entire complaint with prejudice.  Id. at *5.

The opinion thus demonstrates that the district court considered -- and dismissed -- both the malicious prosecution and abuse of process claims.  Although the district court noted that it was "not abundantly clear" that Rivera was then seeking recovery on a theory of malicious prosecution, it nevertheless chose to address the issue, finding that, "to the extent" he did make such a claim, it was "premature."  Id. at *3.  The district court's decision to address this issue was not untethered from the complaint itself -- Rivera's amended complaint alleged that Island Holdings "intentionally, maliciously, with fault and/or negligence" refused to segregate the Blue Iguana parcel and attempted to auction it in foreclosure proceedings, among other related actions. (Emphasis added.)  Although the complaint did not specifically use the term "malicious prosecution," neither did it use the phrase "abuse of process," instead leaving the court to fill in the gaps in legal reasoning.

If Rivera disagreed with the district court's decision to address the malicious prosecution issue, he should have sought to amend or appeal the district court's judgment regarding that claim.  This he did not do.  Rivera sought reconsideration solely of the dismissal of the abuse of process claim and addressed the malicious prosecution claim only in a footnote, noting that the

- 11 -

doctrine "d[id] not apply" to this case. Had Rivera wished to ensure he could bring this claim anew, he should have done more to ensure its dismissal was without prejudice. For example, he could have moved under Federal Rule of Civil Procedure 60 for the district court to amend its judgment to dismiss the malicious prosecution claim without prejudice, or he could have appealed the district court's decision. As he did not, we are bound by the prior court's dismissal with prejudice as a final judgment on the merits. See Medina, 737 F.2d at 143 ("A final judgment does not lose its res judicata effect simply because another court might consider the decision erroneous.").

Alternatively, Rivera attempts to argue that the district court in the 2017 litigation no longer had jurisdiction over the malicious prosecution claim once it determined that the claim was premature and therefore could not have issued a judgment on the merits of that claim. This argument is not without some foundation -- we have recognized that "a dismissal for lack of subject matter jurisdiction normally operates without prejudice," given that the court then lacks jurisdiction to enter a judgment on the merits. Hochendoner v. Genzyme Corp., 823 F.3d 724, 736 (1st Cir. 2016). However, Rivera has failed to develop any argument that the federal district court in the 2017 litigation lost jurisdiction over the malicious prosecution claim once it found them to be premature. He cites only to Puerto Rico law and

does not explain how such cases would govern whether a federal court has jurisdiction over a case. Cf. 28 U.S.C. § 1332 (giving federal courts jurisdiction in certain cases involving diversity of citizenship); Pleasantdale Condominiums, LLC v. Wakefield, 37 F.4th 728, 734-35 (1st Cir. 2022) (applying state substantive law in federal court where the court had diversity jurisdiction under federal law); Philibotte v. Nisource Corporate Servs. Co., 793 F.3d 159, 163 & n.4, 165-68 (1st Cir. 2015) (applying federal law when determining jurisdiction, then applying state substantive law after determining there was jurisdiction to hear a state law claim). We therefore find this argument to be waived.[3] See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (noting "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

## III. Conclusion

For the foregoing reasons, we find that Rivera's malicious prosecution claim in the case at hand is precluded under

---

[3] Although it is true that subject matter jurisdiction "is a constitutional requirement that can never be waived," Unión Internacional UAW, Local 2415 v. Bacardí Corp., 8 F.4th 44, 52 n.5 (1st Cir. 2021), we note that Rivera is not challenging the district court's jurisdiction in the case before us. Rather, he is challenging the 2017 court's jurisdiction over the malicious prosecution claim. Therefore, his argument before us now is one of claim preclusion, not jurisdiction, so it can be -- and has been -- waived.

the doctrine of res judicata.  We therefore affirm the district court's dismissal in this case on res judicata grounds, noting, however, that the court's dismissal of the malicious prosecution claim in this case is without prejudice as to Rivera's right to seek relief before the court that issued the judgment in the 2017 litigation, Rivera Rosario, No. 17-1918, 2018 WL 1725222.