GEORGE OSSERMAN & others *vs.* HERMAN JACOBS
& another
(and four companion cases[1]).

Middlesex.   November 7, 1975. — December 12, 1975.

Present: QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Res Judicata.   Pleading, Civil,* Amendment, Motion to dismiss.   *Judgment.*

Where it appeared in an action that a demurrer to the declaration
was sustained, with leave to move to amend, that a demurrer to
an amended declaration filed by leave was sustained, without
leave to amend further being expressly granted or denied, that the
plaintiffs did not seek to amend further, that judgment for the
defendants entered, of which the plaintiffs did not seek review,
and that a petition by the plaintiffs to vacate the judgment was
denied without the plaintiffs' seeking review, it was held that an
action later commenced by the same plaintiffs against the same
defendants for the same cause of action was barred on the ground
of res judicata.   [201-205]

FIVE CIVIL ACTIONS commenced in the Superior Court
on August 8, 1974.

The cases were heard by *McNaught,* J., on motions to
dismiss.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Michael R. Coppock* for the plaintiffs.
*Eric Lund* for the defendants.

---

[1] O.C.G. Enterprises, Inc. *vs.* Herman Jacobs & another; Medical
Management Services, Inc. *vs.* Herman Jacobs & another; Waldo L.
Fielding *vs.* Herman Jacobs & another; and OB/GYN Associates, Inc.
*vs.* Herman Jacobs & another were consolidated with the main case
for purposes of appeal as indicated in the text.

KAPLAN, J.   In what circumstances does a judgment for the defendant upon the sustaining of a demurrer to a declaration preclude a second action on the same cause of action?   As urged by the plaintiffs-appellants, we deal with this problem of res judicata apart from the possible influence upon it of the new Massachusetts Rules of Civil Procedure effective on July 1, 1974: here the earlier action was concluded before that date, though the later action — the one under present appeal — was commenced thereafter.

There are in fact five actions here on consolidated appeal but, by stipulation of the parties, one of them is taken to be typical of all as to the question of res judicata, and an affirmance of the judgment in that action on the res judicata ground would dispose also of the rest.[2] This bellwether action, commenced in the Superior Court on August 8, 1974, is in two counts, one stressing a contract theory, the other a tort theory.   It will be enough to say that the plaintiffs in their complaint seek to charge the defendants, who served as their accountants, for sundry acts of alleged misconduct in carrying out professional responsibilities.   The defendants under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), moved to dismiss the complaint for failure to state a claim, basing themselves on a judgment in their favor in a prior action.[3]   The judge of the Superior Court allowed the

---

[2] A defense of the running of the statute of limitations against the tort aspects of the five complaints was also raised in the motions to dismiss (mentioned below) and on this question there were possible variations among the five complaints.   We do not reach the limitations issue because we dispose of the appeals on the basis of res judicata.

[3] The use of the Rule 12 (b) (6) motion to raise the defense of former adjudication was not objectionable here as the materials for decision were official records available and not subject to dispute that could be read together with the complaint.   See J.W. Smith & H.B. Zobel, Rules Practice § 12.13 (1974); 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1360 at 634-635, § 1357 at 608-610 (1969).

motion and the plaintiffs appealed. We transferred the matter to this court.

The prior action was in the Superior Court between the same parties plaintiffs and defendants, arose from the same transactions, and must be taken to have broached the same cause of action or claim as the present action. The defendants demurred to the declaration and the demurrer was sustained. Leave was granted to the plaintiffs to move to amend the declaration. The plaintiffs duly moved and, leave having been granted, filed an amended declaration. This amended declaration was then demurred to, and the demurrer was sustained. As leave to amend further was not denied, the plaintiffs under Rule 23 of the Superior Court (1954), then in force, had ten days in which to move to file a second amended declaration.[4] They did not so move, judgment entered on May 13, 1974, for the defendants, and the plaintiffs did not appeal. Later, on June 10, 1974, the plaintiffs moved to vacate the judgment with the intention, after vacation, of filing a third pleading exhibited with their motion (and corresponding in its allegations to the complaint filed in the present action). The motion to vacate, presumably to be considered under G. L. c. 250, § 15,[5] was denied, and no review was sought. Then the

---

[4] Rule 23 of the Superior Court (1954) stated: "A motion for leave to amend shall contain or be accompanied by the proposed amendment.

"If a demurrer is sustained, and leave to amend is not denied, a case shall be deemed ripe for final judgment or decree only after ten days from the sustaining of the demurrer, or such other time as the court may allow for amendment, and then only after the disposition of any motion to amend the pleading demurred to, filed within such time. After the expiration of such time no motion to amend such pleading shall be filed without leave of court." The rule was repealed effective June 30, 1974.

[5] General Laws c. 250, § 15, as appearing in St. 1972, c. 434, read thus: "If a final judgment has been entered either party, or any one or more of several plaintiffs or defendants, within one year thereafter may file in the court in which judgment was rendered a petition to vacate same. In the supreme judicial or the superior court, such

present separate action was commenced, with the result above stated, leading to the present appeal by the plaintiffs as appellants.

The precise point at issue is the effect of the unappealed judgment of May 13, 1974, resulting from the sustaining of the demurrer to the amended declaration in the prior action. We need not deal at large with the classical question of the judgment on a sustained demurrer as res judicata — often posed, not too helpfully, as a question of when the judgment is to be considered "on the merits" and when not.[6] In this Commonwealth the homespun view was taken that a plaintiff, finding his declaration thrown out on demurrer, ought to have an "ample opportunity" (*Whitney* v. *Whitney*, 299 Mass. 547, 551 [1938]) to correct and cure it; if the opportunity was accorded, the plaintiff had to seize it and patch up his pleading in the very action: he would not be allowed to spurn the opportunity, suffer judgment, and, without testing the judgment by appeal, start another action on the same cause. Our court was meticulous — perhaps exaggeratedly so[7] — in making sure that the plaintiff should be informed of his opportunity to move to amend. Thus it was thought not enough that the opportunity should simply be present in the form of a rule like Rule 23 of the Superior Court (1954). Under the cases, the plaintiff must be given express leave to move to amend before his failure to attempt amendment, followed by

petition shall be filed in the county where the judgment was entered." The section has been confined by amendment (St. 1973, c. 1114, § 296) to the District Courts. The analogous rule is Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (relief from judgment).

[6] See F. James, Civil Procedure § 11.17 (1965); Restatement of Judgments § 50 (1942); Restatement (Second) of Judgments § 48, comment d at 39-40, reporter's note at 42-43 (Tent. Draft No. 1, 1973); Developments in the Law — Res Judicata, 65 Harv. L. Rev. 818, 836-837 (1952); *Keidatz* v. *Albany*, 39 Cal. 2d 826 (1952) (Traynor, J.).

[7] See 38 Mass. L.Q. No. 1 at 36, No. 5 at 31 (1953).

adverse judgment, would work preclusively against him. See *Hacker* v. *Beck,* 325 Mass. 594 (1950); *Elfman* v. *Glaser,* 313 Mass. 370 (1943); *Whitney* v. *Whitney, supra*; Von Moschzisker, Res Judicata, 38 Yale L.J. 299, 319-320 (1929).

In the present case, the plaintiffs, after the failure of their original declaration, were in fact given express leave to move to amend. They availed themselves of the opportunity but their attempt to state a cause of action failed again. They seem now to argue that they must, after the second failed attempt, also have been given express leave to move to amend, otherwise the judgment against them should not foreclose a fresh action. But that would be too much of a good thing. Our cases have not indulged plaintiffs so far. When there was actually a second amendment and a second sustaining of a demurrer, no express leave was called for at that time in order to bar access to a new action. Indeed, it should not and did not make a difference in such a case whether express leave had been granted when the first demurrer was sustained. Thus the court said in *Martin* v. *Hunt,* 352 Mass. 774 (1967), a case where motions to dismiss had been sustained successively as to a complaint and amended complaint, judgment entered for the defendant,[8] and the plaintiff tried to institute a fresh action: "It is established that 'a judgment in . . . [an] earlier action following the sustaining of a demurrer is a bar to a second action for the same cause of action where the plaintiff had been granted leave to amend his earlier declaration and had neglected or refused to do so.' *Hacker* v. *Beck,* 325 Mass. 594, 597. See *Whitney* v. *Whitney,* 299 Mass. 547, 550; *Elfman* v. *Glaser,* 313 Mass. 370, 373-374. The same rule should apply where a pleading is dismissed as defective and an amendment is filed which fails to cure it. In each instance the plaintiff

---

[8] Appeal was taken from this judgment but was dismissed for want of prosecution.

has been given two chances to state his case and is not entitled to burden the courts and the opposing parties with further attempts."[9]  See *Turner* v. *Dahlberg,* 360 Mass. 854 (1971); cf. *McArdle* v. *Schneider,* 228 F. Supp. 506 (D. Mass. 1964).

The conclusion we reach is made the easier because on the motion to vacate the judgment it was open to the plaintiffs to press on the judge any "equities" that might exist: for example, that the omission to move to file a second amended complaint was due to excusable inadvertence or that there was plausible reason for thinking that a solid cause of action could be pleaded and proved notwithstanding earlier failures.  The motion to vacate was denied and appeal was not taken.  That an appeal from the refusal to vacate the judgment would present difficulties for the plaintiffs because of the discretionary elements in such a decision does not supply a reason, as the plaintiffs seem to suggest, for allowing them to commence a new action.

It may be observed that the case for preclusion of a fresh action, after judgment for the defendant on a motion to dismiss for failure to state a claim, may gain added strength in a procedural regime like that of our present rules patterned on the Federal Rules of Civil Procedure.  This may follow in part from the new pleading rules which allow such extensive freedom of amendment that there is less reason than in earlier days for recourse to successive actions on the same claim.  See Restatement (Second) of Judgments § 48, comment d at 39-40, reporter's note at 42-43 (Tent. Draft No. 1, 1973);[10]

---

[9] In the *Martin* case the first action, instituted in the Massachusetts Superior Court, had been removed to the United States District Court and went to judgment there; the second action was commenced in the Superior Court.  The court dealt with the res judicata question as a matter of our State law.

[10] Also referring to the possible bearing of Rule 41 (b), last sentence of the Federal Rules of Civil Procedure (regarding effect of involuntary dismissal), analogous to Mass. R. Civ. P. 41 (b) (3), 365 Mass. 803 (1974).  See 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2373 at 238-239 (1971).

1B J.W. Moore, Federal Practice par. 0.409 (2d ed. 1974). But cf. 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1357 at 614-616 (1969).

*Orders affirmed.*