ROBERT SAISI *vs.* BOARD OF TRUSTEES OF STATE COLLEGES. November 30, 1978. There is no merit in the plaintiff's contention that the defendant's motion for dismissal under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), was a procedurally improper vehicle for asserting the defense of res judicata. "The use of the Rule 12(b)(6) motion to raise the defense of former adjudication was not objectionable here as the materials for decision were official records available and not subject to dispute that could be read together with the complaint." *Osserman* v. *Jacobs,* 369 Mass. 200, 201 n.3 (1975). As the prior adjudication relied on by the defendant was decided by the same court sitting in the same county as the present action, it cannot be seriously doubted that the records of the earlier one were "available" to the judge. (No contention is made, and nothing contained in the plaintiff's appendix would support a contention, that the subject matter of the present action was not in fact concluded adversely to the plaintiff on the merits in the earlier action, as stated in the motion.) It is therefore unnecessary for us to decide whether the action could properly have been dismissed on either of the other two grounds asserted in the defendant's motion. *Osserman* v. *Jacobs,* 369 Mass. at 201 n.2. *Dwight* v. *Dwight,* 371 Mass. 424, 425-426 (1976). We note, however, that the plaintiff has not addressed himself to the last of those grounds by anything rising to the level of appellate argument within the meaning of the third sentence of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), thereby providing an independent reason for our declining to disturb the judgment. See *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958).

*Judgment affirmed.*

The case was submitted on briefs.

*George W. Leary* for the plaintiff.

*Herbert D. Friedman* for the defendant.