JOSEPH A. CLARK *vs.* U.S. ELECTRICAR CORP. & another. March 30, 1983. This is an appeal from a summary judgment in favor of the plaintiff. The plaintiff initially brought an action in Florida alleging a breach of warranty of a contract, executed and signed in Massachusetts, for the sale of eight electric cars manufactured by the defendant corporation (Electricar). A default judgment was entered in Florida.

The plaintiff then brought an action in Massachusetts to enforce the Florida default judgment. The defendant, Electricar, filed a motion to dismiss, contending that full faith and credit should not be granted to the Florida judgment since Florida lacked personal jurisdiction. That motion was denied. The plaintiff's motion for summary judgment was allowed. This appeal ensued.

Bypassing the procedural tangle which has come about from missteps in certain filings (excusal of the lateness of one is still being questioned on appeal), we address directly the pivotal substantive questions: (1) Did the Florida courts have personal jurisdiction over the defendant at the time the default judgment was entered in the Florida action? (2) Was the defendant served properly under Florida law in the Florida action?

Jurisdiction over the person of the defendant appropriately may attach if it fairly can be concluded for the reason, if no other, that the defendant

was "engage[d] in . . . a . . . business venture in [Florida]." Fla. Stat. § 48.193(1)(a) (1979). See also Fla. Stat. § 48.181(1) (1979). We easily so conclude on this record. We have no need to examine what effect these provisions would have on a less substantial involvement on the part of a foreign defendant in a business venture within Florida; here, in addition to the explicit provisions of the parties' already executed franchise agreement, the plaintiff had bought a significant amount of commercial equipment (i.e., eight battery-powered vehicles) from the foreign corporation for resale in the forum state.

Likewise, we have no difficulty in concluding that service of process on the defendant foreign corporation was not defective. The manner of service is not disputed. Substituted service could have been (and was) accomplished properly in accordance with the Fla. Stat. §§ 48.161 & 48.181 (1979), the so called State long-arm statutes. This defendant's activities certainly fall within the reach of the applicable statutory provisions.

We pause briefly at this juncture to dispel any lingering doubt as to the correctness of the Florida proceedings. The relevant Florida statutes, as applied to the present circumstances, are constitutional within the meaning of *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945), and its progeny, as the requisite contacts are apparent from the parties' prior and contemporaneous mutual involvement in business dealings, and from the extent of their contemplated further involvement in a business venture pursuant to an executed franchise agreement. Thus there is no valid ground — either argued here by the defendant or apparent on this record — which forbids a Massachusetts court from giving full faith and credit to the Florida judgment. Compare *Quinn* v. *Quinn*, 5 Mass. App. Ct. 794 (1977).

Deciding as we do, it is unnecessary for us to discuss whether Florida could base its jurisdiction over this matter on the defendant's so called "special" appearance in the courts of Florida to attack collaterally the default judgment by way of a motion to vacate and set aside the final judgment. However, the failure to undo the default tends to reinforce our view that the Florida courts had acquired jurisdiction over this defendant.

Finally, we have considered the defendant's arguments based on its views of Fla. Stat. §§ 48.193 and 48.194, and conclude that they are beside the point.

As no appeal has been taken from the judge's ruling on the appropriate rate of interest, we do not disturb that ruling.

*Judgment affirmed.*

*Marian S. Lubinsky* for U.S. Electricar Corp.
*John S. McCann* for the plaintiff.