O’Toole, J.
The plaintiff brought this suit to recover damages claimed to have been suffered when the defendant, Harry Rubin (hereinafter “Harry”), wrongfully caused the breach of a contract the plaintiff had made with the defendant’s father, William Rubin (hereinafter “William”). The complaint alleged that the plaintiff delivered certain furniture to William for reupholstering pursuant to an agreement he had made with William. It further alleged that Harry, William’s “representative and agent,” learned of the contract and “unilaterally rescinded and breached” it. The complaint sought damages of $3,150. plus interest and costs.
The defendant moved to dismiss the complaint, asserting grounds under Mass. R. Civ. P., Rules 12(b)(6), (8) and (9) and 10(d). The principal argument made by the defendant in support of his motion was that the plaintiff’s suit was barred because its subject matter had already been fully litigated in a prior suit by the plaintiff against William. (Edward Griffin v. William Rubin. Boston Municipal Court Department Docket No. 007287). Attached to the motion to dismiss were copies of the prior judgment and the findings of the trial court in that case.
After hearing, Harry’s motion to dismiss was allowed, and, the plaintiff claiming to be aggrieved, the case was reported to the Appellate Division.
The plaintiff first objects that the trial court erred in considering material extrinsic to the complaint, i.e. the judgment and findings in the case against William, in ruling upon the motion to dismiss. It is questionable whether the consideration of official court records is out of bounds on a Rule 12(b)(6) motion. The Supreme Judicial Court has intimated that it is not. See Osserman v. Jacobs, 369 Mass. 200, 201, n.3 (1975). In any event, where matters outside the complaint are considered, the motion is treated as one for summary judgment under Rule 56, Mass. R. Civ. P. It was not improper for the trial judge to have ruled on the motion.
The complaint on its face stated a good cause of action. It alleged that the *218 plaintiff made a contract with William for the re upholstering of furniture belonging to the plaintiff and that Harry, “learning of the contract unilaterally rescinded and breached the contract.” The language is awkward, but we think can be fairly read to allege that Harry wrongfully procured or caused William’s breach. So construed, the complaint alleges the recognized tort of wrongful interference with a contractual relationship.
The central question presented by this appeal is whether the cause of action stated against Harry is barred by reason of the judgment entered in the prior case against William. We hold that the plaintiffs action against Harry is not barred but that the plaintiff is precluded from relitigating the amount of his damages.
In the first action, the plaintiff pleaded and proved a contract between himself and William forthe reupholstering of furniture. The judge found that William had broken the contract and assessed damages in the amount of $585. Thus both cases involve the arrangements between the parties regarding the reupholstering contract.
In arguing that the plaintiffs second suit ought to be barred, Harry relies on Home Owners Federal Savings & Loan Association v. Northwestern Fire & Marine Insurance Company, 354 Mass. 448 (1968). The reliance is misplaced. That case held that “one not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided.” Id., at 455 (emphasis added). In that case, the Court held the plaintiff bound by an issue litigated in a prior case ‘ ‘which clearly was treated as essential to the case by the [plaintiff ] and by the Court." Id., at 451.
The judgment in the first case decided that William had made a contract with the plaintiff and had breached it. This finding is not inconsistent with the allegation (as we have construed it) that Harry wrongfully induced or caused the breach. On the contrary, as part of his claim against Harry, the plaintiff would be required to prove again the existence and breach of the contract with William. Moreover, the issue of Harry’s role was not litigated in the case against William. Certainly it was not an issue decided by the judgment in that case. It does not appear that either the plaintiff or the court in the first action considered an essential issue in the case. Accordingly, the plaintiff is not barred now from seeking to litigate that issue for the first time.
The amount of the plaintiffs damages, however, was fully litigated in the first case. Each suit involves the question of damages forthe same loss. The plaintiff had a full opportunity in the first action to prove the extent of his damages and the court made specific findings on the question. The plaintiff is therefore to be estopped from re-trying the issue of damages in the second case.
The other grounds asserted in the motion to dismiss are without merit. The ground under Rule (12(b)(9) (prior action pending) is simply a restatement of the collateral estoppel contention. With respect to the Rule 12 (6)(8) misnomer defense, Harry is named in the complaint both individually and as a trustee. The complaint alleges that he was William’s “representative.” (See complaint, paragraph 3). Whether he was a trustee is a matter of proof at the trial. The lack of compliance with Rule 10(d), respecting residential addresses of parties, is not a ground for dismissal without, at the very least, an opportunity for cure by amendment.
Forthe foregoing reasons, the judgment dismissing the action is reversed. The case is remanded for trial, at which the plaintiff will be precluded from proving damages in excess of $585.

So Ordered.