Kottmyer, J.
INTRODUCTION
Plaintiff Daito International (“Daito"), a former distributor of defendant Bedrock Amplification, Inc. (“Bedrock”), filed this action to enforce a judgment *275 entered in its favor by a Florida court.[3] The judgment required defendants Bedrock and Jay Abend (“Abend”), the President of Bedrock, to pay Daito damages resulting from defendants’ breach of a Debt Acknowledgment Agreement. In response to Daito’s complaint seeking to enforce the Florida judgment, Bedrock has filed counterclaims for breach of contract (Count I), misrepresentation (Count II), and violations of G.L.c. 93A (Count III). Daito now moves to dismiss these counterclaims under Rule 12(b)(6), arguing that they are barred by the doctrine of res judicata. For the reasons discussed below, Daito’s motion to dismiss is allowed.
BACKGROUND
I. The Florida Judgment
On July 10, 1997, Daito filed a complaint against the defendants in the Florida Circuit Court, alleging that the defendants owed a debt due pursuant to a Debt Acknowledgment Agreement. Under the agreement, the defendants had agreed to reimburse Daito in Longwood, Florida for amounts paid (and amounts to be paid in the future) by Daito to secure Bedrock’s trade name in Germany. The agreement contains a forum-selection and choice-of-law clause, which provides that “[s]hould any action to collect this debt be necessary, it shall be done in and governed by the laws of the state of Florida.”
Summons were issued to the defendants on July 10, 1997, and service of process was made on July 24, 1997. The defendants filed an answer on August 12, 1997.
Thereafter, Daito moved for summary judgment, which was granted in its favor on October 29, 1997. In response to Daito’s motion for summary judgment, Abend submitted an affidavit to the court; however, the court determined that the affidavit raised “matters which [had] not been raised in the pleadings and [was], therefore, outside of the pleadings.” (Amended Final Summary Judgment, par. 2.) The court also determined that the “[d]efendants [had] waived any right to object to the jurisdiction of [the] Court, and [had] also waived their right to affirmative defenses in [the] action." (Id., par. 3.) The court entered judgment in favor of Daito in the amount of $22,823.69.
II. The Present Action
In the present action, Daito seeks to enforce the Florida judgment (Count I). (See Plaintiffs Complaint, pars. 12-16.) Daito also seeks costs incurred in bringing this action (Count II) as provided in the Debt Acknowledgment Agreement, which states that defendants agree “to pay any and all costs associated with collecting this debt from us should the creditor need to take any action to collect from us.” (Id., par. 20.)
Bedrock asserts counterclaims, for breach of contract (Count I), misrepresentation (Count II), and violations of G.L.c. 93A (Count III). The facts underlying Bedrock’s claims, as taken from Bedrock’s pleadings, are as follows. Bedrock and Abend executed the Debt Acknowledgment Agreement in reliance upon Daito’s promise to obtain and pay for legal services in Germany on behalf of Bedrock. (See Bedrock’s Counterclaim, pars. 4-8.) After the Debt Acknowledgment Agreement was executed, Daito did nothing to obtain legal services for Bedrock in Germany which ultimately caused Bedrock severe financial losses. (See id., pars. 9-11.)
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the factual allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. See Eyal v. Helen Broadcasting, 411 Mass. 426, 429 (1991), and cases cited. “[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). “A complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc., 378 Mass. at 89.
A motion to dismiss under Rule 12(b)(6) is appropriate in a case where the defense of prior adjudication is presented. See Osserman v. Jacobs, 369 Mass. 200, 201 n.3 (1975); Harvard Comm. Health Plan, Inc. v. Zack, 33 Mass.App.Ct. 649, 652 (1992), rev. denied, 414 Mass. 1103 (1993); Saisi v. Board of Trustees of State Colleges, 6 Mass.App.Ct. 949 (1978). Under such a motion, official records available and not subject to dispute may be considered along with the pleadings. See Osserman, 369 Mass. at 201 n.3.
Daito argues that its motion to dismiss should be allowed because Bedrock’s counterclaims are barred by res judicata. Daito argues that these claims were raised as defenses in the affidavit filed in the Florida action, and therefore, these claims were “actually litigated” in the prior action. It appears that the Florida court refused to consider these defenses, and, accordingly, the Court is not persuaded that they were “actually litigated.”
Because the Florida judgment must be given the same finality it would receive in Florida, Florida’s rules on res judicata govern the question whether Bedrock’s counterclaims are barred. See Heron v. Heron, 428 Mass. 537, 540 (1998) (citing Durfee v. Duke, 375 U.S. 106, 109 (1963), and Cavanagh v. Cavanagh, 369 Mass. 836, 839 (1986)). Under Florida’s res judicata rules, “a final decree on a judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised.” Hoechst Celarnese Corp. v. Fry, 693 So.2d 1003, 1006 *276 n.9 (Fla. App. 3 Dist. 1997) (citations omitted), rev. denied, 700 So.2d 685 (Fla. 1997); see also Maison Grande Condominium, Inc. v. Dorten, Inc., 621 So.2d 762, 764 (Fla.App. 3 Dist. 1993), rev. denied, 634 So.2d 625 (Fla. 1994). “Failure to raise a compulsory counterclaim in the first suit will result in a waiver of that claim.” Londono v. Turkey Creek, Inc. 609 So.2d 14, 19 (Fla. 1992) (citations omitted). Therefore, res judicata bars claims that should have been raised as compulsory counterclaims to Daito’s claim in Florida.
Florida’s rule on compulsory counterclaims provides that “[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing parly, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim ...” Fla.R.Civ.P. 1.170(a). The “logical relationship test” is applied when determining whether a counterclaim is compulsory. See Londono, 609 So.2d at 20; B&V Ltd. v. All Dade Gen. Constr., Inc., 662 So.2d 413, 415 (Fla. App. 3 Dist. 1995). The “logical relationship test” is met if the same aggregate of operative facts serves as the basis of both claims. See Londono, 609 So.2d at 20.
In this case, Daito’s and Bedrock’s claims rest on the same aggregate of operative facts. Daito’s complaint in the Florida action was based on the Debt Acknowledgment Agreement, wherein the defendants agreed to reimburse Daito for expenses it incurred in obtaining legal services on behalf of the defendants in Germany. Bedrock’s counterclaims are also based on the Debt Acknowledgment Agreement. Bedrock alleges that Daito failed to fulfill its promise to pursue litigation in Germany on Bedrock’s behalf. Accordingly, the “logical relationship test" is met, and Bedrock’s counterclaims are compulsory. Because these compulsory counterclaims were not raised in the Florida suit, they are barred by the doctrine of res judicata.
Bedrock argues, however, that the Florida judgment is not entitled to full faith and credit because the Florida court did not have personal jurisdiction over Bedrock or Abend, and, consequently, its counterclaims are not precluded by the doctrine of res judi-cata.[4] In the Florida action, the defendants appeared by answering the claim, and the court determined that the defendants waived their right to object to the jurisdiction of the court. Bedrock argues that the defense of lack of personal jurisdiction can be raised at anytime. It is clear, however, that a defendant waives the right to this defense when he or she fails to raise it at the first step, te„ in the responsive pleading or by motion. See Consolidated Aluminum Corp. v. Wehroth, 422 So.2d 330, 331 (Fla. App. 5 Dist. 1982), petition denied, 430 So.2d 450 (Fla. 1983).[5]
Accordingly, Bedrock’s counterclaims are precluded by the doctrine of res judicata, and are subject to dismissal under Rule 12(b)(6).[6]
ORDER
For the foregoing reasons, plaintiffs motion to dismiss defendants’ counterclaims (Counts I-III) is ALLOWED.

 The judgment was issued by the Circuit Court of the Eighteenth Judicial Circuit in Seminole County, Florida.

 Bedrock’s relies on G.L.c. 235, §23A, which provides that a “foreign judgment” will be enforced in the Commonwealth unless the foreign court lacked personal jurisdiction over the defendant. Section 23A, however, applies to judgments rendered by foreign countries. See G.L.c. 235, §23A (1986 ed.) (“As used in this section (1) ‘foreign state’ means any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession thereof . . .”). Therefore, it is inapplicable to this action.

 If the defense of lack of personal jurisdiction had been raised and rejected in the Florida action, it would still be barred by res judicata. See Archbold Health Services, Inc. v. Future Tech. Bus. Sys., Inc. 659 So.2d 1204, 1206 (Fla. App. 3 Dist. 1995) (“Where a defendant challenges the jurisdiction of a court, and the court overrules the objection and determines that it does have jurisdiction, that decision is res judicata and precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law”) (citations omitted).
Had the Florida judgment been a default judgment, the defendants could have raised this defense here. See, e.g., Berrio v. Perchik, 20 Mass.App.Ct. 930, 931 (1985) (considering the defense of lack of personal jurisdiction with regard to an out-of-state default judgment): Splaine v. Modern Electroplating, Inc., 17 Mass.App.Ct. 612 (1984) (same), rev. denied, 391 Mass. 1106 (1984), Clark v. U.S. Electricar Corp., 15 Mass.App.Ct. 975 (1983) (same). However, it is clear that the Florida judgment was not a default judgment, and, as such, the defendants cannot collaterally attack the jurisdiction of the Florida court by raising this defense in the present action.

 Bedrock’s additional arguments do not save its counterclaims. First, Bedrock asserts that the Florida judgment is void as a matter of law because the answer to the underlying Florida action was filed by Abend, who is not an attorney; and under Florida and Massachusetts law, a corporation cannot be represented in judicial proceedings by a corporate official who is not an attorney. However, as discussed above, the doctrine of res judicata prohibits collateral attacks on the Florida judgment; this issue should have been raised by means of an appeal.
Second, Bedrock asserts that Count II of Daito’s complaint — which seeks relief for costs incurred in bringing the present action pursuant to the Debt Acknowledgment Agreement — is a new cause of action. Consequently, Bedrock asserts that it is not precluded by the principles of res judicata or collateral estoppel from bringing its counterclaims as they pertain to Count II. This argument is without merit. See Restatement (Second) of Judgments §22 (1982) (“A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if: (a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court. ..”).