# United States Court of Appeals

## For the First Circuit

No. 12-1473

DEAN F. HATCH; MARY L. HATCH,

Plaintiffs, Appellants,

v.

TRAIL KING INDUSTRIES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard Stearns, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

J. Michael Conley, with whom Kenney & Conley, P.C. was on brief, for appellants.
Myles W. McDonough, with whom Christopher M. Reilly and Sloane and Walsh, LLP were on brief, for appellee.

November 2, 2012

**LYNCH, Chief Judge**.  This case involves the doctrine of claim preclusion.

Dean Hatch was severely injured in a workplace accident and sued Trail King, the custom manufacturer of the trailer involved in the accident, in October 2007.  The sad details of the accident and resulting injuries are set forth in our opinion in Hatch v. Trail King Industries, Inc., 656 F.3d 59 (1st Cir. 2011).

There, we affirmed a jury's finding, in September of 2010, that defendant had not been negligent nor in breach of any warranty, against claims of instructional error and error in the ruling on a motion in limine.  Id. at 60-61.  On January 19, 2010, in the trial court in that diversity case, plaintiffs had belatedly attempted to amend their complaint to add another claim, one under Mass. Gen. Laws c.93A for unfair and deceptive trade practices.  The trial judge denied the motion, finding the effort to amend untimely.  The plaintiffs did not appeal this denial in their earlier appeal.

This case, which started in 2010 and was stayed during the 2007 suit, concerns whether the plaintiffs may now maintain an independent suit for the c.93A claims against Trail King.  The district court thought not, for two reasons: (1) this case constituted impermissible claim-splitting; and (2) "having heard the evidence in the jury trial, [it] s[aw] no basis on which it could reach a different result," because "the issues tried to the

jury . . . are identical to any meriting 93A consideration." The trial court dismissed those claims with prejudice.

On appeal, plaintiffs argue broadly that Mass. Gen. Laws c.93A, § 9(8) provides an exception to the normal rules of res judicata, a question the state's highest court has not directly addressed. But context is everything, and on the facts of this case, we think that both the federal courts and the state courts would agree that the plaintiffs may not now bring this c.93A claim because of the failure to appeal from the denial of the motion to amend. That resolution satisfies any concerns under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), and avoids extensive discussion of the effects of the Supreme Court's opinion in Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001).

I.

The procedural history is important, so it is set forth in some detail. In October 2007, plaintiffs filed a complaint against Trail King asserting negligence, breach of warranty, and loss of consortium (the "2007 action"). On February 21, 2008, the parties submitted a joint statement to the district court setting a joint discovery plan and motion schedule, which in relevant part set a deadline of May 15, 2009 for amending or supplementing the pleadings. The district court accepted that proposed date as the deadline for filing amendments. Plaintiffs never requested an extension of the deadline to amend the pleadings and the court

-3-

never altered it, although the trial court granted a number of extensions for the completion of discovery.

On January 15, 2010, Trail King moved for summary judgment. Four days later, on January 19, 2010, more than eight months after the deadline for amending the pleadings, and more than four months after the deadline for completion of fact discovery, plaintiffs moved the court for leave to file a second amended complaint, asserting claims under Mass. Gen. Laws c.93A, § 2.

Specifically, plaintiffs sought to add c.93A unfair and deceptive act or practice claims for Trail King's alleged breach of warranty as well as for certain post-delivery conduct.[1] Defendant opposed the motion for leave to amend, arguing that the amendment was futile because it failed to state a claim upon which relief could be granted.

The district court, on March 2, 2010, denied plaintiffs' motion for leave to amend, stating that "under the discovery schedule amendments to the pleadings were due in May of 2009."

---

[1] As to the post-delivery conduct, plaintiffs made four allegations: (1) that defendant made no effort to recall or modify the trailers despite notice that the trailers were unreasonably hazardous to load or unload; (2) that defendant discouraged the utilization of safety chains on existing trailers; (3) that defendant failed to act upon a request by Advanced Drainage Systems, Inc. ("ADS"), Hatch's employer, to determine if there were any safety measures that could be taken to prevent the gates from falling on drivers; and (4) that when ADS hired a new fleet manager, Trail King did not advise him of past incidents of falling gates or of his predecessor's request for an engineering evaluation.

-4-

Plaintiffs sought reconsideration, representing that "[t]he anticipated amendment would simply be to add a claim pursuant to M.G.L. c.93A mirroring the existing warranty claims." In their supporting memorandum of law, plaintiffs represented that "because the 93A claim will essentially rise or fall with Plaintiffs' claim for breach of warranty, the presence of the additional claim will not impact in any way the parties' pending motions for summary judgment." Finally, in their renewed motion for reconsideration, plaintiffs wrote that "the inclusion of a theory pursuant to Chapter 93A will not change the trial or the evidence in any material respect." The court denied both the motion for reconsideration and the renewed motion for reconsideration.

After being denied, plaintiffs filed a new action in Massachusetts Superior Court on June 14, 2010. This complaint asserted the exact same grounds for c.93A relief that had been set forth in the proposed second amended complaint in the 2007 action: that as a matter of law, Trail King's breach of warranty constituted an unfair and deceptive act or practice, and that the four post-sale actions or inactions by defendant did too.

Defendants removed the case to federal court on diversity grounds on July 12, 2010. Trail King moved to dismiss the suit and for a stay in the alternative. The case was then transferred from Springfield to Boston and was assigned to the same judge who was

presiding over the 2007 action and who had denied the proposed second amended complaint as untimely. The district court then stayed the c.93A action, on August 5, 2010, and reserved ruling on defendant's motion to dismiss. In opposing defendant's motion to dismiss, plaintiffs expressly stated that they did not oppose the granting of a stay.

The 2007 action proceeded to a six-day jury trial.[2] The jury returned a verdict in favor of defendant, rejecting both the negligence and breach of warranty claims, and the court entered judgment for the defendant on September 14, 2010.

Plaintiffs appealed the adverse verdict to this court. Plaintiffs challenged certain jury instructions and a ruling on a motion in limine, but not the trial court's denial of their motion for leave to amend, and we affirmed on August 29, 2011. Hatch, 656 F.3d at 59-61.

As to the action filed in 2010, on March 1, 2012, plaintiffs moved to transfer the stayed c.93A action to the

---

[2] At trial, plaintiffs put on testimony related to the four acts or omissions that they assert are post-sale conduct constituting unfair or deceptive acts. They produced testimony as to the failure to retrofit the trailers, Trail King's alleged discouragement of ADS from retrofitting its trailers, the adequacy of Trail King's response to ADS's request for an engineering solution to the falling gates, and Trail King's alleged lack of communication to ADS's new fleet manager about the safety history of the gates. Moreover, at oral argument in this appeal, plaintiffs' counsel represented to this court that the evidence presented in the jury trial was essentially the same evidence that would be presented in the c.93A action.

Springfield Division.  The Boston district court denied the motion;

it also reinstated Trail King's motion to dismiss.  On April 11,

2012, the district court dismissed the case with prejudice, ruling

that:

> The court agrees with defendant Trail King that by filing a second and separate Chapter 93A case in Superior Court, plaintiffs have engaged in impermissible claim-splitting. Further, although the court recognizes that a judge may reach a different result on a 93A claim than the jurys [sic] verdict on non-93A claims, here the issues tried to the jury and reached in favor of the defendant (and affirmed by the First Circuit) are identical to any meriting 93A consideration.  The court, having heard the evidence in the jury trial, see [sic] no basis on which it could reach a different result.  The case is dismissed with prejudice and the clerk will close the case.

This timely appeal followed.

## II.

Plaintiffs present this case as being about whether a

separate c.93A action may be maintained after judgment had entered

on the earlier action on non-c.93A claims arising out of the same

transaction or occurrence.  They argue that the preclusive effect

of the decision in the 2007 action is to be determined by

Massachusetts res judicata rules pursuant to the Supreme Court's

decision in Semtek, 531 U.S. 497.  From that premise, they base

their argument on Mass. Gen. Laws c.93A, § 9(8), which provides

that:

> Except as provided in section ten, recovering or failing to recover an award of damages or

-7-

other relief in any administrative or judicial proceeding, except proceedings authorized by this section, by any person entitled to bring an action under this section, shall not constitute a bar to, or limitation upon relief authorized by this section.

They argue this means that claims brought under § 9 are excluded from the traditional rules of preclusion. The Massachusetts Supreme Judicial Court ("SJC") has not provided an interpretation of this statutory provision. See Anderson v. Phoenix Inv. Counsel of Bos., Inc., 440 N.E.2d 1164, 1167 (Mass. 1982) (stating that the SJC need not determine the modifying effect, if any, that the provision has on claim preclusion or issue preclusion).[3] Plaintiffs do concede that c.93A, § 9(8) was passed as part of an effort to supersede the ruling in Gordon v. Hardware Mutual Casualty Co., 281 N.E.2d 573 (Mass. 1972), which required the exhaustion of administrative remedies as a condition of a § 9 claim, id. at 577; see Keen v. W. New Eng. Coll., 499 N.E.2d 310, 311 (Mass. App. Ct. 1986), but they argue § 9(8) has a broader effect.

The question before us is not whether a separate c.93A claim that has never been raised in a motion to amend in an earlier action can be maintained in a later separate action. Rather, the core question before us is whether plaintiffs may bring a second

---

[3] One commentary states that the express language of the statutory provision seems to permit a split court action, but that it likely will be found not to abrogate the doctrines of claim preclusion or issue preclusion. See 52 Mass. Prac. § 7.10.

-8-

action asserting c.93A claims when they earlier sought leave to amend their complaint to add the c.93A claims, the proposed amendment was denied as untimely, the underlying case proceeded to a decision on the merits, the denial of leave to amend was not appealed, and judgment was entered. We hold that under these facts the doctrine of claim preclusion applies. That conclusion is unaltered by the language of c.93A, § 9(8).

A.   Standard of Review and Choice of Law

The parties dispute the standard of review that applies. Plaintiffs argue that we should review the district court's dismissal de novo. See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (applying de novo review to a Rule 12(b)(6) dismissal on the ground that the suit was foreclosed by principles of res judicata). Defendant urges us to review the dismissal under an abuse of discretion standard, arguing that such a standard would have applied had plaintiffs appealed the denial of their motion for leave to amend, Interstate Litho Corp. v. Brown, 255 F.3d 19, 25 (1st Cir. 2001), and pointing us to the standard applied in the Tenth Circuit when a district court dismissed on claim-splitting grounds. See Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). In our view, the first issue of whether claim preclusion is available at all in this context presents an issue of law subject to de novo review. The district

court's decision to dismiss was within its authority and was reasonable.

We apply "the law that would be applied by state courts in the State in which the federal diversity court sits," except that "in situations in which the state law is incompatible with federal interests," federal law applies.  Semtek, 531 U.S. at 508-09.  The Supreme Court has imposed this rule because "any other rule would produce the sort of 'forum-shopping . . . and . . . inequitable administration of the laws' that Erie seeks to avoid." Id. (alterations in original) (quoting Hanna v. Plumer, 380 U.S. 460, 468 (1965)).  We agree with a number of circuit courts who have read Semtek as applying in successive diversity actions, as is the case here.[4]

---

[4] See, e.g., Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195 (2d Cir. 2010) (applying New York law to govern the effect of a prior diversity judgment in a current diversity action); Taco Bell Corp. v. TBWA Chait/Day Inc., 552 F.3d 1137, 1144 (9th Cir. 2009) (applying Michigan law in successive diversity action); Prusky v. ReliaStar Life Ins. Co., 532 F.3d 252, 265 (3d Cir. 2008) (following a prior diversity action, "[t]here is no dispute that Pennsylvania preclusion law governs in this diversity action"); Allan Block Corp. v. Cnty. Materials Corp., 512 F.3d 912, 915 (7th Cir. 2008) (stating that in a successive diversity action the question of whether res judicata precluded the second action should be governed by state law); Weinberger v. Tucker, 510 F.3d 486, 491 (4th Cir. 2007) (holding that Virginia law controlled the preclusive effects of the first diversity action); Follette v. Wal-Mart Stores, Inc., 41 F.3d 1234, 1237 (8th Cir. 1994) (stating in a pre-Semtek case that the preclusive effect of a prior diversity action must be measured in the present diversity action by state law).  However, some circuits apply federal res judicata principles in successive diversity actions. See, e.g., Rabo Agrifinance, Inc. v. Terra XXI, Ltd., 583 F.3d 348, 353 (5th Cir. 2009); Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d

-10-

There is no need to address whether Massachusetts law is incompatible with federal interests under Semtek because under either federal or Massachusetts law, the outcome is the same. This case does not present the sort of problems that Erie, 304 U.S. 64, sought to avoid.

Defendant relies heavily on a pre-Semtek decision, Anderson v. Phoenix Investment Counsel of Boston, Inc., 440 N.E.2d 1164 (Mass. 1982), to argue that Massachusetts would apply federal, not state, claim preclusion law. There, the SJC stated that "[w]hen a State court is faced with the issue of determining the preclusive effect of a Federal court's judgment, it is the Federal law of res judicata which must be examined." Id. at 1167. The SJC has applied that rule to federal diversity actions. See Whitehall Co. v. Barletta, 536 N.E.2d 333, 336 (Mass. 1989) (applying the Anderson rule to an apparent diversity action). However, the SJC has not clarified the rule in light of Semtek, and it is unclear that such a rule survives the Semtek decision. We do not need to resolve this question either.

B. Applying Federal Law, the c.93A Claim is Claim Precluded

If federal law were to apply, plaintiffs lose. Under the federal law of claim preclusion, "a final judgment on the merits of

---

521, 528 (6th Cir. 2006). Our pre-Semtek cases applied federal law to decide the preclusive effect of a prior diversity action. See Johnson v. SCA Disposal Servs. of New Eng., Inc., 931 F.2d 970, 974 (1st Cir. 1991).

an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995). Claim preclusion "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and . . . encourage[s] reliance on adjudication." Breneman v. U.S. ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004) (alterations in original) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)) (internal quotation marks omitted). As the Restatement (Second) of Judgments § 19 comment a (1982), says, "[t]he rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end."

The three elements of claim preclusion are: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Breneman, 381 F.3d at 38 (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003)) (internal quotation marks omitted).

It is axiomatic that "claim preclusion doctrine requires [a party] to live with [its strategic] choices." Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 11 (1st Cir. 2010). Those

-12-

strategic choices include whether to attempt to amend a complaint and whether to appeal a denial of such an attempt. When a party chooses to move for leave to amend its complaint and then not to appeal denial of that motion, the party "is not entitled to a second opportunity [in a later action] to litigate [the] claim" that the party sought to add. Id. at 16. Instead, the party's "recourse [is] to appeal, not to start a new action." Id.; Johnson v. SCA Disposal Servs. of New Eng., Inc., 931 F.2d 970, 976 (1st Cir. 1991) ("It is widely accepted that appeal is the plaintiff's only recourse" where a motion to amend is denied as untimely).

This is a well-accepted principle. As described by commentators,

> It appears well-settled . . . that claim preclusion bars a second action on the part excluded from the first action. This result is sound. The abstract theory that amendment should be freely allowed is widely honored in practice. There is likely to be good reason when the court that has control of the first action concludes that a party should not be allowed to advance matters so closely related to the action as to be part of a single claim. Unless the court can be persuaded to direct that denial of leave to amend is without prejudice to advancing the new matter in a separate action, preclusion should apply. Any error should be corrected by appeal in the first proceeding.

18 Wright & Miller, Federal Practice and Procedure § 4412 (footnotes omitted).

A number of our sister circuits have so held. "It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." King v. Hoover Group, Inc., 958 F.2d 219, 222-23 (8th Cir. 1992) (citing Carter v. Money Tree Co., 532 F.2d 113, 115 (8th Cir. 1976)).[5]

Plaintiffs made a strategic decision to try to add the c.93A claims more than eight months after the deadline for amending the pleadings had passed, and four months after discovery had closed, without notice to defendant during discovery that it faced a c.93A claim. They also made a strategic choice not to appeal the district court's denial of their motion for leave to amend, even though they could have. Under federal law, they must live with those choices, absent some strong countervailing interest, which is not present here. We discuss below why we think c.93A, § 9(8) would not provide an exception.

_____

[5] See also Prof'l Mgmt. Assocs., Inc. v. KPMG LLP, 345 F.3d 1030, 1032 (8th Cir. 2003) (per curiam) (stating that res judicata applies, "even when denial of leave to amend is based on reasons other than the merits, such as timeliness"); EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 399-400 (2d Cir. 1997) ("Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint."); Qualicare-Walsh, Inc. v. Ward, 947 F.2d 823, 826 (6th Cir. 1991) (where judge denied request to amend complaint and plaintiffs chose not to appeal, the judge's determination became a final judgment and the doctrine of res judicata applied).

C.  Because of the Failure to Appeal the Denial of the Motion
to Amend, the c.93A Claim Is Subject to Claim Preclusion
Under  Massachusetts Law

As noted, there is no relevant SJC precedent on the meaning of c.93A, § 9(8).  The SJC also has not directly answered whether, generally, the failure to appeal the denial of leave to amend, where the denial is on the grounds of untimeliness, and the underlying case proceeds to a final judgment, subjects the claims in the proposed amendment to later claim preclusion.  See Shahidi v. Michael, No. 1624, 2005 WL 3294663, at *2 & n.5 (Mass. App. Div. Nov. 22, 2005) (finding preclusion).  Where, as here, that court has not spoken directly to an issue, "the federal court must make an informed prophecy as to the state court's likely stance." Andrew Robinson Int'l, 547 F.3d at 51.  In completing that inquiry, we look to analogous state court decisions, persuasive opinions from courts of other jurisdictions,[6] learned treatises, and any

_____

[6] Courts applying other states' laws have held that denial of leave to amend constitutes a final judgment on the merits, subjecting those claims to claim preclusion. See, e.g., Gonsalves v. Bingel, 5 A.3d 768, 783 (Md. Ct. Spec. App. 2010) ("We agree with the position of the authorities . . . that a plaintiff who is denied leave to amend his or her complaint to add additional claims . . . is nonetheless barred from raising those claims in a second suit based on the same transaction or series of transactions as the first."); Kaye v. S & S Tree Horticulture Specialists, Inc., No. A08-1027, 2009 WL 1311808, at *3 (Minn. Ct. App. May 12, 2009) (stating that the denial of a motion to amend is given res judicata effect "even when denial of leave is based on procedural reasons other than the merits of the case"); Bush v. Dictaphone Corp., No. 98AP-585, 1999 WL 178370, at *5 (Ohio Ct. App. Mar. 30, 1999) (per curiam) (stating that "decisions on motions to amend typically are res judicata to further action on the claims sought to be included in the amended pleading," and that "[a] plaintiff will be bound by

-15-

relevant policy rationales. Id.; Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148, 1151 (1st Cir. 1996).

Massachusetts law recognizes claim preclusion, which "makes a valid final judgment conclusive on the parties . . . and prevents relitigation of all matters that were or could have been adjudicated in the action." Andrew Robinson Int'l, 547 F.3d at 52 (alteration in original) (quoting Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005)) (internal quotations marks omitted). Its operation requires the same three elements as federal law. See Kobrin, 832 N.E.2d at 634 (listing the factors).

We have little doubt that the SJC would adopt the conventional rule that normally a failure to appeal from a denial of a motion to add a claim precludes the later assertion of such a claim in a new action. There are many reasons: Massachusetts law follows the Restatement and this is the Restatement result; the application of basic state preclusion principles reaches the result; and, significantly, an older Massachusetts SJC precedent virtually compels the conclusion.

"Massachusetts courts apply res judicata in a thoroughly conventional way," Andrew Robinson Int'l, 547 F.3d at 54, and they

---

that preclusive effect unless the denial is reversed on appeal"); see also Dall v. Goulet, 871 F. Supp. 518, 521 (D. Me. 1994) (federal court holding that under state law, "[t]he Superior Court's refusal to grant leave to amend has a preclusive effect on Plaintiff's attempt to raise the identical claims in subsequent litigation").

-16-

follow the Restatement. See, e.g., Bevilacqua v. Rodriquez, 955 N.E.2d 884, 898 (Mass. 2011) (citing to section 11 of the Restatement (Second) of Judgments); Dep't of Revenue v. Jarvenpaa, 534 N.E.2d 286, 289 (Mass. 1989) (looking to section 20); Osserman v. Jacobs, 339 N.E.2d 193, 196 (Mass. 1975) (looking to the current section 19).

According to the Restatement, "[i]ncreasingly . . . by statute, rule, or court decision, judgments not passing directly on the substance of the claim have come to operate as a bar," because "fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end." Restatement (Second) of Judgments § 19 cmt. a. Claims can be precluded where a plaintiff was not permitted to prove the claims during the first action because "they were not alleged in the complaint and an application to amend the complaint came too late." Id. § 25 cmt. b. That is the case here.

Under Massachusetts law, the denial of the motion to amend is a final judgment. The parties were fully heard; the district court provided a reasoned opinion, stating that it denied leave to amend on the ground of untimeliness; and the decision was appealable because the case proceeded to a judgment on the merits, and it was in fact appealed. See Tausevich v. Bd. of Appeals of Stoughton, 521 N.E.2d 385, 387 (Mass. 1988). Also, there was a dismissal on the merits. Cf. Mass. R. Civ. P. 41(b)(3) (stating

-17-

that, except for circumstances that do not exist here "a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19 . . . operates as an adjudication upon the merits").

Significantly, older SJC precedent virtually compels our conclusion. In the context of demurrers, the SJC has held that the pleading dismissed as defective bars a second action for the same cause of action where "the plaintiff had been granted leave to amend his earlier declaration and had neglected or refused to do so." Osserman, 339 N.E.2d at 195 (Kaplan, J.) (quoting Hacker v. Beck, 91 N.E.2d 832, 834 (Mass. 1950)) (internal quotation mark omitted).

In Osserman, Justice Kaplan explained that where plaintiffs have been given fair and ample opportunity to assert their rights, they are not "allowed to spurn the opportunity, suffer judgment, and, without testing the judgment by appeal, start another action on the same cause." Id. Earlier cases were cited to this effect. See Elfman v. Glaser, 47 N.E.2d 925, 928 (Mass. 1943) ("The doctrine of res judicata, therefore, applies where . . . the plaintiff has had ample opportunity to state his cause of action completely and correctly so as to have the issues tried but has refused to embrace that opportunity."); Whitney v. Whitney, 13 N.E.2d 401, 403 (Mass. 1938) (same). The SJC predicted

-18-

that such reasoning "may gain added strength" under the modern rules of procedure, "which allow such extensive freedom of amendment that there is less reason than in earlier days for recourse to successive actions on the same claim."[7] Osserman, 339 N.E.2d at 196. The same logic applies here, where plaintiffs were given ample opportunity to amend their complaint[8] but failed to timely do so and did not appeal the denial.[9]

This leaves the question of whether the SJC, in light of the language of c.93A, § 9(8), would nonetheless deviate from normal claim preclusion rules when there is a failure to appeal from a denial of a motion to amend and the subject matter of that

---

[7] We have applied similar logic to explain why the denial of attempts to amend complaints to add additional claims should be given preclusive effect. See Johnson, 931 F.2d at 976 & n.19 (explaining that appeal is the only recourse when a motion to amend is denied because "the unchallenged circumstances of a likely ruling of res judicata would have been a powerful factor in favor of reversal in view of F.R.Civ.P. Rule 15, which mandates that 'leave [to amend] shall be freely given when justice so requires.'" (alteration in original) (quoting Fed. R. Civ. P. 15)).

[8] Plaintiffs allege that the c.93A claims could not have been included in the original action or added before expiration of the time set for amendments. However, plaintiffs had access to the information pertaining to the "post-sale conduct" months in advance of the deadline to amend. Trail King served interrogatory answers on plaintiffs on December 3, 2008, five months before the deadline to amend, which addressed post-sale conduct.

[9] The only Massachusetts lower court opinion we have found agrees with our conclusion. See Shahidi v. Michael, No. 1624, 2005 WL 3294663, at *2 (Mass. App. Div. Nov. 22, 2005) (stating that failure to appeal the denial of a motion to amend "was fatal" because "the denial of a motion to amend to add a claim in the first action must be challenged directly by way of appeal").

motion is a c.93A claim.  We think that is not likely.  Normally, the subject matter of a motion to amend is not relevant to the reasons for application of res judicata.  See, e.g., Prof'l Mgmt. Assocs., Inc. v. KPMG LLC, 345 F.3d 1030, 1032 (8th Cir. 2003) (per curiam) (not looking to subject matter of proposed amendment in analysis).

We recognize that there may be statutory exceptions to the normal rules of claim preclusion.  Restatement (Second) of Judgments §§ 20, 26 (1982).[10]  But, in our view, under the plain language of c.93A, § 9(8), the provision does not apply here.  The "bar to" relief was not the outcome as to an award of damages in the 2007 action.  See Mass. Gen. Laws ch. 93A, § 9(8) (stating that "recovering or failing to recover an award of damages," except in proceedings authorized by the section, "shall not constitute a bar to" relief).  Rather, the bar to relief comes from the attempt to amend to add a claim, regardless of the nature of the claim, and the failure to have appealed the denial of leave to amend.  That

---

[10] Section 20(1)(c) of the Restatement states that "(1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim: . . . (c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made."  Restatement (Second) of Judgments § 20(1)(c).  Section 26(1)(d) states that the general rule against claim-splitting does not apply when "[t]he judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim." Id. § 26(1)(d).

section of c.93A does not purport to address rules of courts or of civil procedure about amendment of complaints. There is no clear statement from the legislature of an intent to abrogate the common law rule in these circumstances.

There is no support for plaintiffs' argument that this case is like Department of Revenue v. Jarvenpaa, 534 N.E.2d 286, and that some public policy exists to override the application of traditional claim preclusion. There, the SJC held that an action by a minor child under Mass. Gen. Laws c.209C for child support was not barred by an earlier action brought by the Commonwealth, in which a jury found the defendant not guilty on paternity charges, but that the Department of Revenue was barred. Id. at 289-91. The court held that the legislature had intended in Mass. Gen. Laws c.209C, § 22(d), to permit the child to readjudicate the issue of paternity, and this was consonant with the general rule that the minor child was not in privity with the state. Id. at 289-90. The court found no issue was raised of "legislative intrusion into judicial prerogatives." Id. at 291. By contrast, there is no question of privity here because the plaintiffs are the same in both actions. Plaintiffs' position would not be consonant with traditional norms as to claim-splitting. Further, their position would raise questions of intrusion into judicial prerogatives, which the SJC explicitly noted in Jarvenpaa were both relevant and not present in that case. Id. There was no error of law.

-21-

Nor was there any unfairness here. The plaintiffs themselves represented to the trial court that the c.93A claims would essentially depend on the outcome of the warranty and negligence claims. In fact, the plaintiffs told the court that the proposed amendment "would simply be to add a claim pursuant to M.G.L. c.93A mirroring the existing warranty claims" (emphasis added), that "the 93A claim will essentially rise or fall with Plaintiffs' claim for breach of warranty" (emphasis added), and that "the inclusion of a theory pursuant to Chapter 93A will not change the trial or the evidence in any material respect" (emphasis added).

D. Rejection of Plaintiffs' Argument that Trail King Acquiesced or Is Estopped

Plaintiffs make a final argument that Trail King acquiesced to the separate 2010 action through its efforts to keep the c.93A claims out of the 2007 action and that Trail King should be estopped from asserting a defense based on preclusion.

The argument is without merit and has been rejected in our cases. We have affirmed a dismissal on grounds of res judicata where a defendant had first opposed consolidation of two cases. Diversified Foods, Inc. v. First Nat'l Bank of Bos., 985 F.2d 27, 31 (1st Cir. 1993) ("[W]hen a plaintiff has chosen to bring two lawsuits in the same time frame relating to the same operative facts, it is hard to see why the defendant should not be able to resist consolidation on proper grounds, such as undue delay."); see

-22-

also <u>Smith</u> v. <u>Smith</u>, No. 111386, 2011 WL 7090711, at \*6 (Mass. Super. Ct. Nov. 15, 2011) (rejecting, as without merit, an argument that a court expressed an intent to allow separate actions when it denied a motion to amend).  So too here.

Likewise, any estoppel argument asserted against Trail King fails.  Trail King's positions were not inconsistent, the district court was not misled, and Trail King did not seek an unfair advantage.  <u>See</u> <u>New Hampshire</u> v. <u>Maine</u>, 532 U.S. 742, 750-51 (2001); <u>see</u> <u>also</u> <u>Otis</u> v. <u>Arbella Mut. Ins. Co.</u>, 824 N.E.2d 23, 29 (Mass. 2005).

### III.

We stress that our decision does not address the question of whether the language of c.93A, § 9(8) would have permitted the filing of a new c.93A action following entry of judgment in the 2007 case if plaintiffs had not sought leave to amend.

Nor do we address the district court's second ground -- that based on the evidence it heard at trial, which plaintiffs identified as going as well to the c.93A claims, it would have denied the c.93A claims in any event.

Affirmed.

-23-